■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE QUEEN, Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered December 17, 1980, convicting defendant upon his plea of guilty of the crime of robbery in the third degree. On October 29, 1980, defendant, while on parole from a 1974 conviction for bank robbery and using a .32 caliber pistol, held up a motel clerk, stealing $150. He was apprehended, waived indictment, and pleaded guilty to a prosecutor's information charging one count of robbery in the third degree. The court imposed a sentence of three and one-half to seven years, the maximum for a second felony offender. This appeal ensued. Defendant raises several challenges to the validity of the sentence imposed. The record establishes that defendant was fully represented by counsel at all stages and voluntarily pleaded guilty pursuant to a negotiated plea bargain. Contrary to defendant's argument, the record reflects that at the time of the plea the court emphasized that defendant faced a possible maximum term of seven years. No promises were made. At sentencing, defendant was confronted with and given the opportunity to controvert the prior felony conviction (CPL 400.21, subd 3). He declined to controvert and

readily admitted the underlying facts of the prior conviction. Clearly, there was substantial compliance with CPL 400.21 *(People v Provost,* 76 AD2d 944; *People ex rel. Ryan v Smith,* 50 AD2d 1078). Defendant's remaining contentions are likewise without merit. Pursuant to subdivision 2-a of section 70.25 of the Penal Law, the court was required to impose a sentence to run consecutively with the undischarged sentence to which defendant was subject. The sentence was neither illegal nor excessive. Defendant precipitated an armed robbery, during which he threatened the life of the victim. The sentence was properly calculated as the maximum for a class D felony for a second felony offender (Penal Law, § 70.06). Absent a clear abuse of discretion, this court will not interfere with the sentence imposed *(People v Tagliamonte,* 78 AD2d 565; *People v Miller,* 74 AD2d 961, application for lv to app den 50 NY2d 1003). We find no such circumstance herein. Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.