■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT W. TUMMINIA, Appellant. — Appeal from a judgment of the County Court of Chenango County (Ingraham, J.), rendered November 5, 1982, convicting defendant upon his plea of guilty of the crimes of robbery in the first degree and kidnapping in the second degree. ¶ On March 22, 1982, defendant was charged in a multicount indictment following an incident during which an elderly woman was robbed at knifepoint. Thereafter, on April 26, 1982, he was charged in a second multicount indictment with kidnapping in the first degree, unlawful imprisonment in the first and second degree, attempted escape and reckless endangerment, resulting from an incident where a woman was held hostage at gunpoint while defendant was incarcerated at the Chenango County Jail. On October 7, 1982, pursuant to a negotiated bargain, defendant pleaded guilty to kidnapping in the second degree. The next day he pleaded guilty to robbery in the first degree. Both pleas were in full satisfaction of the respective indictments. Thereafter, defendant was sentenced in accordance with the bargain to concurrent terms of imprisonment of 7½ to 15 years as a second felony offender. ¶ On this appeal, defendant first contends that the People failed to comply with the procedures required on predicate felony charges pursuant to CPL 400.21. At the outset, we note that the People concede that defendant was sentenced as a second felony offender. Defendant urges that resentencing is required since he was neither arraigned as a second felony offender nor provided with a predicate felony information (CPL 400.21, subd 2). While the record bears out these contentions, it also establishes that defendant was fully represented by counsel at all stages of these proceedings

and that he voluntarily pleaded guilty pursuant to the negotiated bargain. At sentencing, defendant was confronted with, and given the opportunity to controvert, the prior felony conviction (CPL 400.21, subd 2). The Trial Judge stated: "THE COURT: Alright, Robert Tumminia, I have the pre-sentence report * * *. Now, [the 7½ to 15-year-sentence] is imposed upon you with the understanding that there is a prior Burglary Third Degree. That Burglary in the Third Degree allegedly committed on December 23 of 1978. I will advise you at this time that you have the right to contest that prior Felony conviction, if you wish. You have the right if you wish to indicate to the Court that you are not the same individual who was so convicted in 1978 and now, Mr. McBride, does he wish to contest the prior Felony conviction?" In response, counsel for defendant stated: "MR. MCBRIDE: If it please the Court, Your Honor, the Defendant would prefer to stand mute in [sic] that question." Defendant's election to "stand mute" concerning that conviction does not negate the opportunity accorded him to controvert it (see People v Queen, 84 AD2d 649). In our view, there was sufficient compliance with the statutory requirements (People v Provost, 76 AD2d 944, 945; People ex rel. Ryan v Smith, 50 AD2d 1078; People v Woodward, 48 AD2d 980). We have examined defendant's remaining arguments and find them to be without merit. The Trial Judge did not participate in defendant's prior prosecution of delinquency charges in Family Court. The record shows defendant, who was simultaneously represented by two different attorneys on each indictment, was fully advised of all of the rights waived by his pleas of guilty and that the allocution at each plea constituted substantial compliance with the law. ¶ Judgment affirmed. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.