■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SANTANA, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered March 30, 1983, convicting defendant upon his plea of guilty of two counts of the crime of robbery in the third degree.

Defendant raises three issues on this appeal: (1) that the People failed to timely serve the indictment for the December 25, 1982 charge to which defendant pleaded guilty; (2) that he was not afforded a predicate felony offender hearing; and (3) that the sentence was excessive and unduly harsh.

Defendant was indicted on February 11, 1983 in a seven-count indictment which charged him with six counts of robbery in the third degree arising from six separate incidents where female victims were accosted, threatened with bodily harm, and money or property taken from their persons. The six incidents took place between December 25, 1982 and January 31, 1983. The seventh count of the indictment charged grand larceny in the third degree as a result of the theft of an automobile. Defendant originally entered a plea of not guilty. On February 25, 1983, after plea bargaining, defendant withdrew his not guilty plea and entered a plea of guilty to the first two counts of the indictment (robbery in the third degree) in satisfaction of the entire indictment.

It is only in defendant's brief on appeal that any contention is made indicating any irregularity in the indictment charging the commission of a crime on December 25, 1982. His contention does not appear anyplace in the record nor is it supported by an affidavit. In open court, at the time defendant pleaded guilty to the first two counts of the indictment, he specifically admitted that he committed the crime as charged in the first count of the indictment which occurred on December 25, 1982. We find no substance to his present contention. Having failed to raise the issue before the trial court, defendant is foreclosed from presenting the issue to this court (*People v Martin*, 50 NY2d 1029).

Defendant's claim that he was improperly denied a predicate felony hearing is also rejected. At the time that the plea bargain was recorded in open court, defendant acknowledged that he was

a prior felony offender and currently on parole. At the sentencing proceeding, the People presented a special information charging that defendant was a second felony offender. Defendant admitted the contents of the information and did not challenge its constitutionality. Accordingly, the court found that defendant was a second felony offender, and no objection was raised by defendant or his counsel. Not only did defendant not avail himself of the opportunity to challenge his status as a second felony offender, but rather he admitted his status in open court at the sentencing proceedings. Thus, his claim that reversal is required due to the lack of a second felony offender hearing is meritless (*People v Tumminia*, 101 AD2d 605; *People v Hodge*, 52 AD2d 673).

Finally, we are also unpersuaded by defendant's claim that his sentence was excessive and unduly harsh. At the time that the plea bargain agreement was recorded in open court, defendant was specifically advised by the court of the sentence he would receive. The exact sentence that was agreed to by defendant and his counsel was imposed by the court. Defendant was sentenced to two indeterminate terms of three to six years on each of the two robbery counts to which he pleaded guilty, the terms to run consecutively. Additionally, any undischarged parole time defendant had remaining was also to run consecutively to the two indeterminate terms. The sentence imposed comported with statutory provisions and the trial court's obligations under the circumstances (Penal Law, § 70.25; *People v Nichols*, 82 AD2d 632).