(October 24, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN TRAYNOR, Appellant.—Casey, J. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered April 21, 1983, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

On January 24, 1983, defendant pleaded guilty to attempted burglary in the second degree in full satisfaction of an indictment charging him with burglary in the second degree, grand larceny in the third degree (two counts) and arson in the third degree. At the time of acceptance of the plea, the trial court fully advised defendant of its consequences and of the requirement that the minimum sentence be one half the maximum by reason of defendant's prior felony conviction. The trial court also informed defendant that, under the circumstances of this case, the sentence would be 2½ to 5 years in prison. After consultation with his attorney and members of his family, defendant stated that he understood the instructions and that his plea was voluntary.

On this appeal, defendant contends lack of compliance with CPL 400.21 before imposing a 2½- to 5-year sentence as a second felony offender. The record reveals, however, that defendant was not only made aware of the predicate charge, but that he freely admitted it (see, People v Provost, 76 AD2d 944). In view thereof, the statutory compliance was sufficient (People v Harris, 61 NY2d 9).

The record further reveals that defendant's plea was intelligent and voluntary. Contrary to defendant's claim, the trial court is not required to inform defendant of all the possible defenses that could be raised to the crime (People v Nixon, 21

NY2d 338, *cert denied sub nom. Robinson v New York,* 393 US 1067). Significantly, defendant did not move to withdraw his plea in the trial court *(see, People v Modesto,* 104 AD2d 1054). The judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Main, Casey and Harvey, JJ., concur.