■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST L. COLE, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered April 29, 1991, upon a verdict convicting defendant of the crime of rape in the first degree.

Defendant was indicted for rape in the first degree as the result of an incident in which he is alleged to have engaged a woman in sexual intercourse when she was physically helpless as a result of her intoxication (see, Penal Law § 130.35 [2]). At the ensuing jury trial, the evidence, viewed in a light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), established that the victim, a close friend of defendant's wife, Amy Cole, came to defendant's apartment at approximately 5:00 P.M. on August 23, 1990 for dinner and an overnight visit. Amy and the victim spent most of the evening at home drinking beer and shots of whiskey while defendant was out, first at a movie and then at some local bars. Defendant returned to the apartment shortly before 12:00 A.M., accompanied by Ginger Clark, another of Amy's friends. The four sat in the living room talking, drinking and smoking marihuana for another hour or so. At approximately 1:00 A.M., Clark went home and the victim, highly intoxicated at this point, "passed out" on the living room couch. Defendant and Amy went to bed in their adjoining bedroom, and a few hours later defendant came into the living room and engaged the victim in sexual intercourse while she slept. Defendant did not testify at trial. The jury rendered a verdict of guilty, and defendant now appeals from the judgment of conviction entered thereon.

We find merit in defendant's initial contention, that County Court committed prejudicial error in receiving evidence of defendant's prior prison sentence and his parole status at the time of the current offense, and accordingly reverse. Prior to trial, defendant was given notice of the People's intention to offer defendant's recorded and written statements to the police, recounting his version of the events of August 23 and 24, 1990 and detailing his claimed consensual sexual involvement with the victim. During the course of the Sandoval hearing, defendant requested that the statements' several references to prison and parole be redacted. County Court denied the application upon the ground that the references were "so closely

interwoven" with the rest of the statement that they could not be redacted. However, our review of defendant's statements establishes that the various references to prison and parole are entirely separate from and, in fact, wholly irrelevant to the balance of the material and could have been easily redacted without changing the substance of defendant's statements *(see, People v Ely,* 68 NY2d 520, 531; *People v Richardson,* 137 AD2d 105, 107-108). Even more disturbing, the People sought and obtained a pretrial ruling that the victim be permitted to testify that defendant had recently been released from prison upon the ground that this evidence was critical to establishing why defendant's friends bought him drinks at the bars he visited on August 23, 1990, why Amy and the victim wanted to get together on that date and why defendant and the victim had not seen one another for some time.

At trial, the prosecutor was permitted to make and elicit references to defendant's prison sentence and parole status for entirely different reasons. Anticipating Amy's testimony that the victim talked with defendant's cousin, William Wunder, Jr., on the telephone during the evening of August 23, 1990 and asked him "if he wanted to come down to have a few drinks with her and fool around", the prosecutor elicited testimony from the victim that Amy acknowledged having an affair with Wunder and that the telephone call was actually initiated by Amy, "to try to patch things up". The prosecutor then asked, "You said this [affair] was while [defendant] was away? This was when he was in prison; is that correct?", prompting defendant's objection and motion for a mistrial. Later, in response to Clark's denial of marihuana use in defendant's apartment, the prosecutor was permitted to ask Clark whether she was aware that defendant was on parole or that he was subject to random drug testing, in an effort to establish Clark's motive for lying. Finally, frequent references were made to defendant's 12:00 A.M. curfew, ostensibly for the purpose of fixing the time when he returned home, although there was no disagreement in that regard.

In our view, in each of these circumstances, the claimed probative value, if any, of evidence of defendant's incarceration and parole status was far outweighed by the prejudicial effect of this direct evidence of defendant's prior criminal conviction *(see, People v Ely, supra; People v Richardson, supra),* especially in view of the fact that the victim's testimony and defendant's recorded and written statements created a sharp question as to whether the victim willingly participated in the sexual conduct *(cf., People v Lenoir,* 178

AD2d 552). For the same reason, we reject the People's current position, raised for the first time at oral argument, that County Court's error was harmless (see, People v Barber, 143 AD2d 450, 452; cf., People v Crimmins, 36 NY2d 230, 241-242). Accordingly, defendant's judgment of conviction must be reversed and the matter remitted for a new trial.

As a final matter, we reject defendant's contention that the trial evidence was legally insufficient to support the conviction.

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Tioga County for a new trial.