■ The People of the State of New York, Respondent, v Ernest L. Cole, Appellant. [622 NYS2d 354] —Mikoll, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered April 30, 1993, upon a verdict convicting defendant of the crime of rape in the first degree.

Defendant was indicted for rape in the first degree and convicted as charged after a jury trial in April 1991. He was sentenced as a predicate felon to 4½ to 9 years in prison. His

conviction was subsequently reversed upon appeal to this Court and remitted for a new trial (186 AD2d 966). The instant appeal is from his conviction and sentencing after a second jury trial for the same charge. In essence, the indictment alleges that defendant engaged in sexual intercourse with the victim without her consent while she was physically helpless due to intoxication.

Upon the second trial the victim testified that on August 23, 1990 she went with her two children to have dinner with her close friend, Amy Cole, who was married to defendant, at the Coles' house. The victim brought a 12-pack of beer with her. During the evening the two women drank heavily, both beer and whiskey they had purchased. The two women also smoked marihuana. The victim testified that she had at least eight shots and six beers. The next thing she remembered is someone on top of her having intercourse with her. She became aware of what was happening, realized it was defendant and resisted. She pushed defendant away and he went and sat in a chair for a time before going into the bedroom. The victim then got up, gathered her two children and her purse, and went to the home of her sister who lived in the area. Her sister took her to the hospital and then to the police station, where she reported the rape and gave a statement. The police later obtained oral and written statements from defendant.

Defendant's argument, that the verdict of guilty should be reversed because an independent review of the facts would show that the verdict is against the weight of the evidence, is without merit. Defendant employs an improper standard of review to determine the legal sufficiency of the evidence required to sustain a criminal verdict of guilty (see, People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932; People v Contes, 60 NY2d 620, 621; People v Tugwell, 114 AD2d 869, appeal dismissed 67 NY2d 891). "[T]he relevant question is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (Jackson v Virginia, 443 US 307, 319). Defendant's reliance on People v Bleakley (69 NY2d 490, lv denied 72 NY2d 856) for the proposition that the evidence is to be viewed in a neutral light is misplaced (see, supra, at 495). We do not so read Bleakley.

Contrary to defendant's assertion, there is sufficient credible evidence from which a jury could properly find that the victim was "physically helpless" and defendant guilty. The testimony of the victim and Amy Cole, along with defendant's admis-

sions and police and medical evidence, support the verdict. The only issue before the jury was whether the victim consented to intercourse with defendant. Thus, there is no showing that the verdict is against the weight of the evidence. The verdict should therefore be upheld.

We reject defendant's contention that sexual misconduct is a lesser included offense of rape in the first degree and, therefore, County Court's refusal to charge sexual misconduct as a lesser crime is reversible error. Based on the record it is theoretically impossible to commit the greater crime of rape in the first degree without concomitantly, by the same conduct, committing the lesser offense of sexual misconduct (see, People v Glover, 57 NY2d 61, 63). The claim that there is a reasonable view of the evidence that defendant committed the lesser offense of sexual misconduct in violation of Penal Law § 130.20 (i.e., engaged in sexual intercourse with the victim) without her consent, but not due to her being "physically helpless", is not persuasive. Sexual misconduct is not a lesser included offense of rape in the first degree and an acquittal on the rape charge would require an acquittal on the sexual misconduct charge (see, People v Simms, 58 AD2d 720; People v Frisbee, 55 AD2d 996; People v Tucker, 47 AD2d 583). There is no evidence to support the claim that the victim was forced to do anything. She claims that she was helpless; defendant asserts in his statements to the police that she consented. Thus, there is no way that the jury could find, as defendant urges, that the victim did not consent but was not physically helpless.

Defendant's argument that County Court's failure to advise him that he could contest the validity of his prior conviction, thus requiring his resentencing, is without merit. County Court substantially complied with CPL 400.21 in making defendant aware of the predicate charge and defendant admitted it (see, People v Traynor, 114 AD2d 643; People v Tumminia, 101 AD2d 605). Defendant was represented by counsel at sentencing and consulted with him (see, People v English, 75 AD2d 981). Further, he was advised of and admitted the predicate charge upon the sentencing at his first trial on the charge.

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.