THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFERSON MCLAMB, Appellant. [846 NYS2d 343]—

Appeal by the defendant from a resentence of the County Court, Suffolk County (Crecca, J.), imposed August 9, 2005, which, upon so much of an order of the same court dated April 22, 2005, granting that branch of his motion which was pursuant to CPL 440.20 to vacate a sentence of the same court (Weissman, J.), imposed February 3, 1988, upon his conviction of attempted forgery in the second degree, sentencing him as a first-time felony offender to a determinate term of imprisonment of 90 days and 5 years probation, resentenced him as a second felony offender to an indeterminate term of imprisonment of 2 to 4 years.

Ordered that the resentence is affirmed.

The defendant was originally sentenced as a first-time felony offender for his conviction of attempted forgery in the second degree (see Penal Law §§ 110.00, 170.10). The County Court subsequently granted that branch of the defendant's motion which was pursuant to CPL 400.20 to vacate the sentence imposed upon that conviction, and resentenced the defendant as a second felony offender based on a prior felony conviction in 1975 for robbery in the second degree (see Penal Law § 70.06). The defendant contends on appeal that the County Court erred in not holding a hearing on his adjudication as a second felony offender wherein the prosecution would have had to prove that the predicate felony offense occurred within 10 years of his commission of the crime of attempted forgery in the second degree. This contention is unpreserved for appellate review and, in any event, is without merit. Prior to the resentencing hearing, the prosecution filed a predicate felony statement, revealing the 1975 felony conviction for robbery in the second degree. At the resentencing hearing, the defendant admitted to the 1975 felony conviction and this admission was binding upon him (see People v Daley, 302 AD2d 745 [2003]; People v Ross, 138 AD2d 543 [1988]; People v Santana, 104 AD2d 677 [1984]). Although the defendant wished to controvert the constitutionality of that 1975 predicate felony at the resentencing hearing, the County Court correctly held that the defendant was precluded from doing so because he had been given a full and fair opportunity to controvert the constitutionality of that predicate felony at an earlier persistent felony hearing with respect to convictions under other indictments (see Youngblood v Conway, 426 F Supp 2d 107, 123-124 [2006]). The record before the County Court revealed that the defendant was sentenced for the 1975 predicate felony within 10 years of his conviction for attempted forgery in the second degree as calculated by the statute (see Penal Law § 70.06 [1] [b] [iv]). Thus, the defendant

was properly resentenced as a second felony offender pursuant to the statute (*see* CPL 400.21). Schmidt, J.P., Skelos, Lifson and Balkin, JJ., concur.