■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JUAN MENDEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered December 3, 1985, convicting him of sexual abuse in the first degree (five counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the conviction of sexual abuse in the first degree on the count of the indictment relating to the first incident alleged to sexual abuse in the third degree, and vacating the sentence imposed on that count; as so modified, the judgment is affirmed and the case is remitted to the Supreme Court, Kings County, for sentencing on that count; the facts have been considered and are determined to have been established.

Viewing the evidence in the light most favorable to the People and drawing every reasonable inference therefrom (see, People v Shapiro, 117 AD2d 688, lv denied 67 NY2d 950), we conclude that forcible compulsion with respect to the first incident alleged in the indictment was not proven. The sole testimony with respect to that count was that the defendant placed his fingers in the victim's vagina as she was sleeping and removed his fingers when she awoke and pushed his hand away. That event then ended. Under the then relevant definition of forcible compulsion, there was no proof that the act was committed by use of "physical force or a threat, express or implied, which force or threat place[d the complainant] in fear of immediate death or serious physical injury to * * * herself or another person" (see, Penal Law former § 130.00 [8]; L 1982, ch 560).

With regard to this first incident, there is an insufficient basis for an inference of forcible compulsion from the four later incidents of forcible sexual contact for which the defendant was charged and properly convicted or from the fact that the victim may have known that the defendant owned guns.

The court properly admitted expert testimony of the child abuse accommodation syndrome (see, People v Keindl, 68 NY2d 410, rearg denied 69 NY2d 823). The testimony neither bolstered the complainant's testimony nor usurped the jury's fact-finding responsibility (see, People v Parks, 41 NY2d 36; People v Benjamin R., 103 AD2d 663).

We have considered the defendant's remaining contention and find it to be unpreserved for appellate review and, in any event, without merit. Mangano, J. P., Niehoff, Sullivan and Harwood, JJ., concur.