■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERROL IRVING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered June 8, 1987, convicting him of sodomy in the first degree, sodomy in the second degree, sexual abuse in the first degree (two counts), incest, sexual abuse in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the night of July 13, 1985, while the 11-year-old complainant was visiting the home of the defendant, her father, the latter approached her as she slept and touched her vagina with his hands and mouth. He also inserted his fingers into her vagina and anus. The child did not move or cry out. Hearing a noise, the defendant retreated to his bedroom, and the complainant adjusted her nightclothes and went back to sleep.

On July 20, 1985 the infant complainant was again visiting her father. After she had taken a shower in the morning, the defendant approached her and put his hand on her vagina. The child rebuffed his advances and ran outside where she confided her father's behavior to her older sister, at whose prompting she reported the incidents to her mother. Her mother called the police.

The defendant's contention that Penal Law § 130.16 required corroboration of the testimony of a complainant is without merit. No such corroboration requirement exists for a sex offense premised upon a victim's "being physically helpless" under Penal Law § 130.50 (2) and § 130.65 (2); and convictions of sodomy in the first degree and sexual abuse in the first degree under these subdivisions may be based solely upon the victim's testimony *(see,* Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 130.16, at 583-584).

Likewise without merit is the defendant's assertion that the People failed to prove that the victim was "physically helpless," since she was merely asleep at the time of the first molestation, and was not rendered unconscious by drugs or

alcohol. We note that the defendant failed to raise this contention in his motion to set aside the verdict after trial, with the result that his claim is not preserved for appellate review (CPL 470.05 [2]; *People v Cardona,* 136 AD2d 556). In any event, the statutory definition of "physically helpless" is broadly worded to encompass a person who is "unconscious or for any other reason is physically unable to communicate unwillingness to an act" (Penal Law § 130.00 [7]); and "[t]he state of the victim's physical helplessness at any given moment is largely a question of fact" for the jury *(People v Teicher,* 52 NY2d 638, 649).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's claim that the verdict was repugnant is unpreserved for appellate review, since he failed to raise this issue before the jury was discharged, at a time when the perceived error could have been corrected *(People v Alfaro,* 66 NY2d 985). In any event, the verdict under the court's charge was not repugnant, since the acquittal of one count did not conclusively negate an element of the crime for which the guilty verdict was rendered *(People v Tucker,* 55 NY2d 1).

We have considered the defendant's remaining contentions and find them to be without merit *(see, People v Allweiss,* 48 NY2d 40; *Meiselman v Crown Hgts. Hosp.,* 285 NY 389; Richardson, Evidence § 368, at 343-344 [Prince 10th ed]; *People v Mendez,* 133 AD2d 351; *People v Benjamin R.,* 103 AD2d 663). Mangano, J. P., Thompson, Sullivan and Balletta, JJ., concur.