■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID YANKOWITZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered December 5, 1989, convicting him of sexual abuse in the first degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings pursuant to CPL 460.50 (5).

The defendant, a dentist practicing in Staten Island, was convicted of four counts of sexual abuse in the first degree *(see,* Penal Law § 130.65 [2] ) for allegedly subjecting a female patient to sexual contact while she was under the effects of nitrous oxide during the course of a root canal procedure on or about January 30, 1988.

On appeal, the defendant contends that the alleged acts should be considered one "transaction", and therefore, the indictment should consist of only 1 count, and not 4. CPL 200.30 (1) provides that "[e]ach count of an indictment may charge one offense only". CPL 200.50 (3) further provides that an indictment must contain "[a] separate accusation or count addressed to each offense charged, if there be more than one". Thus where a crime is made out by the commission of one act, that act must be the only offense alleged in the count *(see, People v Keindl,* 68 NY2d 410). The crime of sexual abuse, as defined in the Penal Law, is a single act offense *(see, People v Keindl, supra,* at 420-421; see also, *People v Beauchamp,* 74 NY2d 639, 640). At trial, the complainant testified that the defendant performed four separate and distinct acts within a period of 2½ hours. Thus, the defendant was properly charged with and convicted of four separate counts of the crime of sexual abuse in the first degree.

The defendant's contention that the prosecution failed to prove that the victim was "physically helpless" within the meaning of Penal Law § 130.00 (7) and § 130.65 is not preserved for appellate review, since it was not raised with specificity in the trial court *(see, People v Bynum,* 70 NY2d 858; *People v Colavito,* 70 NY2d 996; *People v Udzinski,* 146 AD2d 245). In any event, the defendant's claim is without merit, as the statutory definition of "physically helpless" is broadly worded to encompass a person who is "unconscious or for any other reason is physically unable to communicate unwillingness to an act" (Penal Law § 130.00 [7] ). Further the "[s]tate of the victim's physical helplessness at any given moment is largely a question of fact" for the jury *(People v Teicher,* 52 NY2d 638, 649; *see, People v Irving,* 151 AD2d 605).

Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5] ).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Eiber, Balletta and O'Brien, JJ., concur.