■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ATO D. CLYBURN, Appellant. [623 NYS2d 448] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant was convicted of two counts of rape in the first degree: sexual intercourse with a female by forcible compulsion (Penal Law § 130.35 [1]) and sexual intercourse with a female who is incapable of consent by reason of being physically helpless (Penal Law § 130.35 [2]). He was also convicted of one count of burglary in the second degree (Penal Law § 140.25 [2]).

We reject defendant's contention that the proof of forcible compulsion is legally insufficient to sustain the conviction on count one. Viewing the evidence in the light most favorable to

the People *(see, People v Contes,* 60 NY2d 620, 621), we conclude that, based on the testimony of the victim, the proof is legally sufficient to establish the element of forcible compulsion both by use of physical force (Penal Law § 130.00 [8] [a]) and by an implied threat placing the victim in fear of immediate death or physical injury (Penal Law § 130.00 [8] [b]; *see, People v Bleakley,* 69 NY2d 490, 495; *People v Coleman,* 42 NY2d 500, 505-506; *People v Benjamin R.,* 103 AD2d 663, 667-668).

We agree with defendant, however, that the proof that the victim was physically helpless is legally insufficient to sustain his conviction on count two. The fact that the victim was afflicted with Huntington's Chorea did not render her physically helpless, i.e., "unconscious or for any other reason * * * physically unable to communicate unwillingness to an act" (Penal Law § 130.00 [7]). The victim testified that, when she first saw defendant in her bedroom, she asked him his age. Two officers who responded to the scene testified concerning their conversations with the victim. The proof thus fails to establish that the victim was either unconscious or physically unable to communicate her unwillingness to engage in sexual intercourse with defendant *(see, People v Huurre,* 193 AD2d 305, 306-307, *lv granted* 82 NY2d 925; *cf., People v Teicher,* 52 NY2d 638, 648-649; *People v Irving,* 151 AD2d 605, 606; *see also, People v Yankowitz,* 169 AD2d 748, 749, *lv denied* 77 NY2d 883). We reverse defendant's conviction of rape in the first degree under count two of the indictment, vacate the sentence imposed thereon and dismiss that count of the indictment.

Finally, we conclude that defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Rape, 1st Degree.) Present —Denman, P. J., Pine, Lawton, Doerr and Davis, JJ.