■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXIA CONTO, Appellant. [630 NYS2d 542] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered January 13, 1992, convicting him of rape in the first degree (four counts), kidnapping in the second degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of direction in the interest of justice, by reversing his convictions for rape in the first degree under the second, third, and fourth counts of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant was charged, inter alia, with four counts of rape in the first degree: (1) sexual intercourse with a female by forcible compulsion (Penal Law § 130.35 [1]); (2) sexual intercourse with a female who is incapable of consent by reason of being physically helpless (Penal Law § 130.35 [2]); (3) acting in concert with other persons engaging in sexual intercourse with a female by forcible compulsion (Penal Law §§ 20.00, 130.35 [1]); and (4) acting in concert with other persons engaging in sexual intercourse with a female who is incapable of consent by reason of being physically helpless (Penal Law §§ 20.00, 130.35 [2]).

At approximately 4:30 p.m. on June 21, 1990, the complainant was abducted at gunpoint by the defendant and a codefendant and brought to an abandoned house. Once there, she was first raped by the defendant and then by a codefendant. Over the course of the following six hours, the complainant was

raped and sodomized by the codefendant, raped by a second co-defendant, and then raped a second time by the defendant. The complainant testified that she did not protest because she was scared. In addition, the complainant testified that she felt totally helpless because of the effects of the antidepressant medication that she had taken earlier in the afternoon and that she slipped in and out of consciousness while being raped and sodomized by one of the codefendants.

The trial court instructed the jury with respect to the defendant on four counts of rape in the first degree. After the jury had deliberated for about an hour, the court charged the jury that they were to consider only the defendant's first alleged rape with respect to the first four counts of the indictment. The jury returned a guilty verdict on all four counts.

Although the defendant's motion for a trial order of dismissal was not specific enough to preserve the issue of legal sufficiency for appellate review (see, CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250), we find that in light of the trial court's supplemental instruction, it is necessary in the exercise of our interest of justice jurisdiction to dismiss three counts of rape in the first degree (see, CPL 470.15 [6]).

Viewing the evidence in the light most favorable to the prosecution (see, *People v Contes,* 60 NY2d 620), it was legally insufficient to establish that the complainant was either unconscious or physically unable to communicate unwillingness to engage in sexual intercourse during the first rape committed by the defendant (see, Penal Law § 130.00 [7]). The complainant testified that she spoke to the codefendant immediately prior to the rape and that she did not scream because she was too scared. Thus, although the complainant may have been physically helpless during certain intervals of her ordeal, the evidence does not support a finding that during the first rape she could not communicate an unwillingness to engage in sexual intercourse with the defendant (see, *People v Clyburn,* 212 AD2d 1030; *People v Huurre,* 193 AD2d 305, *affd* 84 NY2d 930).

In addition, because the trial court instructed the jury to consider only the evidence in connection with the defendant's first alleged rape, the evidence was legally insufficient to find that the defendant acted in concert with the other defendants during the subsequent rapes (see, Penal Law § 20.00).

The evidence was legally sufficient to establish the defendant's guilt of rape in the first degree by forcible compulsion under count one of the indictment (see, Penal Law § 130.00 [8]). In addition, upon the exercise of our factual review power, we

are satisfied that the verdict of guilt as to that count was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Miller, Santucci and Altman, JJ., concur.