*837 The Supreme Court’s determination, pursuant to Correction Law article 6-C, to assess the defendant 20 points for risk factor 6 was supported by clear and convincing evidence based, inter alia, on facts contained in the case summary prepared by the Board of Examiners of Sex Offenders and the risk assessment instrument (see People v Wiedeman, 51 AD3d 888, 888-889 [2008]). The case summary establishes by clear and convincing evidence that, immediately preceding the sexual assault, the victim was choked until she fell to the floor, stopped moving, and was in and out of consciousness during the sexual assault. As such, she was physically helpless within the meaning of Penal Law § 130.00 (7) when she was sexually assaulted (see generally People v Cecunjanin, 16 NY3d 488, 492 [2011]; People v Battease, 74 AD3d 1571, 1573-1574 [2010]; People v Chapman, 54 AD3d 507, 509-510 [2008]; People v Green, 298 AD2d 143 [2002]; People v Conto, 218 AD2d 665, 666 [1995]; People v Huurre, 193 AD2d 305, 306-307 [1993], affd 84 NY2d 930 [1994]).
The defendant’s contention that assessing him 20 points under risk factor 5 and 20 points under risk factor 6 constitutes improper double counting is unpreserved for appellate review (see People v Fredlund, 38 AD3d 636 [2007]) and, in any event, without merit (see People v Caban, 61 AD3d 834, 835 [2009]).
Accordingly, the defendant was properly designated a level three sex offender.
In light of our determination, we need not reach the defendant’s remaining contention. Rivera, J.P., Balkin, Leventhal and Hinds-Radix, JJ., concur.