People v Holmes (2018 NY Slip Op 07764)





People v Holmes


2018 NY Slip Op 07764


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-04941

[*1]People of State of New York, respondent,
v
Brian Holmes, appellant.


The Legal Aid Society, New York, NY (Richard Joselson of counsel; Jose David Rodriguez-Gonzalez on the brief), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Mario F. Mattei, J.), dated April 6, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant appeals from an order, made after a hearing, designating him a level three sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA).
In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determinations sought by clear and convincing evidence (see Correction Law § 168-n[3]; People v LeGrand, 152 AD3d 722; People v Crandall, 90 AD3d 628, 629). Here, contrary to the defendant's contention, he was properly assessed 20 points under risk factor 6 (other victim characteristics), since the People established, by clear and convincing evidence, that the complainant was physically helpless (see People v Jones, 101 AD3d 836, 837; see also People v Teicher, 52 NY2d 638, 646; cf. People v Cecunjanin, 16 NY3d 488, 493).
Furthermore, we agree with the Supreme Court's assessment of 10 points against the defendant under risk factor 13 (conduct while confined or supervised), since the People established, by clear and convincing evidence, inter alia, that the defendant had a recent tier III disciplinary violation during his incarceration (see People v Lima-Sanchez, 162 AD3d 698, 698-699; People v Williams, 100 AD3d 610, 611; People v Mabee, 69 AD3d 820, 821).
The defendant's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination designating the defendant a level three sex offender.
DILLON, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court