People v Burden (2019 NY Slip Op 07497)





People v Burden


2019 NY Slip Op 07497


Decided on October 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2019

Manzanet-Daniels, J.P., Gische, Webber, Moulton, JJ.


10113 30026/04

[*1] The People of the State of New York, Respondent,
v
Joseph Burden, Defendant-Appellant.


Epstein & Weil LLC, New York (Lloyd Epstein of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Paul A. Andersen of counsel), for respondent.



Order, Supreme Court, Bronx County (Dominic R. Massaro, J.), entered on or about March 4, 2005, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously reversed, on the law, without costs, and the sex offender adjudication vacated.
Defendant is not required to register as a sex offender in New York on the basis of his Connecticut misdemeanor conviction. In 2003, defendant was convicted in Connecticut of two counts of fourth-degree sexual assault. To the extent relevant here, a person is guilty of that misdemeanor when he "subjects another person to sexual contact who is . . . physically helpless, or
. . . subjects another person to sexual contact without such other person's consent" (Conn Gen Stat § 53a-73a[a][1][D],[2]). The physical helplessness element would make the crime the equivalent of first-degree sexual abuse (Penal Law § 130.65[2]), a registrable offense in New York. In the absence of that element, the crime is the equivalent of third-degree sexual abuse (Penal Law § 130.55), which is not registrable.
Equivalency, based on a comparison of essential elements (see Corr Law § 168-a[1],[2][d]), may be established when "the conduct underlying the foreign conviction . . . is, in fact, within the scope of the New York offense" (Matter of North v Board of Examiners of Sex Offenders of State of N.Y., 8 NY3d 745, 753 [2007]). Here, the hearing court relied on undisputed documentary evidence that each victim "felt paralyzed" while being sexually abused by defendant; one victim "just froze" and the other "was afraid to confront" him. There is no indication, however, that either victim was physiologically incapable of speech, drugged into a stupor, or otherwise unable to communicate her unwillingness to submit to the sexual contact (see People v Battease, 74 AD3d 1571, 1574 [3d Dept 2010], lv denied 15 NY3d 849 [2010]; People v Conto, 218 AD2d 665, 666 [2d Dept 1995], lv denied 87 NY2d 845 [1995]). Therefore, the hearing court erred in finding that the victims were "physically helpless" for purposes of determining what New York offense was the equivalent of the Connecticut convictions, and, correspondingly, erred in determining that the equivalent New York offense was first-degree, rather than third-degree, sexual abuse. Accordingly, the sex offender adjudication must be vacated.
The issue is properly reviewable on this appeal, notwithstanding defendant's failure to raise it before the hearing court. While we agree with the People that preservation considerations applicable to civil appeals apply here, those considerations do not bar review. This appeal presents a pure question of law. This issue could not have been avoided if raised before the hearing court, and it is reviewable on the existing record (see Chateau D'If Corp. v City of New York, 219 AD2d 205, 209 [1st Dept 1996], lv denied 88 NY2d 811 [1996]). Moreover, the hearing court expressly ruled on the issue in its detailed decision.
Finally, we find that the doctrine of laches does not warrant dismissal of the appeal. No new hearing or other proceedings is required, given that the sex offender adjudication was [*2]erroneous ab initio and should never have been imposed, and, as discussed, the existing record is fully adequate for review of the legal issue presented. Although some 13 years passed without defendant taking any action to exercise his right to appeal (see CPLR 5513[a]), the People have failed to show any resultant prejudice (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 816-817 [2003], cert denied 540 US 1017 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 17, 2019
CLERK