OPINION OF THE COURT
Gerald Sheindlin, J.
The defendant is on trial before a jury.
At the conclusion of the People’s case the defendant moves for a trial order of dismissal of a three-count indictment, in particular, the second count, which accuses the defendant of *201 the crime of rape in the first degree (Penal Law § 130.35 [2]), in that he did engage in sexual intercourse with the complainant, a female who was incapable of consent by reason of being physically helpless.
The court must evaluate whether as a matter of law the People have failed to present evidence which is legally sufficient to establish the offense charged. (See, CPL 290.10.)
The evidence presented at trial, which is accepted as true for purposes of this motion, indicates that the complainant suffers from muscular dystrophy rendering her paralyzed from the neck down and wheelchair bound. On the evening of June 20, 1987 the defendant entered the complainant’s apartment while she was alone, removed her from her wheelchair and carried her to the bedroom where he placed her on the bed and proceeded to rape her. During the course of the incident the victim verbally protested and expressed her fear and outrage. She told the defendant to cease his actions and attempted to physically resist but was unable to do so because of her total paralysis. The defendant left the victim in her bed, where she was compelled to remain until her husband returned home, some six hours later.
Defendant was indicted for the crimes of rape in the first degree (Penal Law § 130.35 [1] [forcible compulsion]) and rape in the first degree (Penal Law § 130.35 [2] [physically helpless]) and other crimes.
The issue to be resolved is whether the complainant’s total physical helplessness due to muscular dystrophy renders her "incapable of consent by reason of being physically helpless”. (Penal Law § 130.35 [2].)
" 'Physically helpless’ ” is defined as follows: it "means that a person is unconscious or for any other reason is physically unable to communicate unwillingness to an act.” (Penal Law § 130.00 [7].)
The Donnino Practice Commentaries (McKinney’s Cons Laws of NY, Book 39, Penal Law art 130, at 573) note that, "this definition would apply to a person who is in a deep sleep as a result of barbituates or who is a total paralytic. To some extent, the definitions of mentally incapacitated and physically helpless overlap.”
" 'Mentally incapacitated’ means that a person is rendered temporarily incapable of appraising or controlling his conduct owing to the influence of a narcotic or intoxicating substance administered to him without his consent, or to any other act *202 committed upon him without his consent.” (Penal Law § 130.00 [6].)
As noted in the Practice Commentaries, these two forms of incapacity, "physically helpless” and "mentally incapacitated”, are applicable to victims "who have no mental disease or defect but who are temporarily, for a variety of reasons, not able to make a rational, free-will determination to consent, or not able to communicate an unwillingness to consent, to sexual activity”. (Donnino, Practice Commentaries, op. cit., at 572-573.)
It is apparent that the "physical helplessness” contemplated by the statute requires more than a disease causing physical paralysis.
A fair reading of the statute indicates the requirement of a mental state that limits or prohibits the victim from communicating a lack of consent to the conduct of the perpetrator.
In People v Teicher (52 NY2d 638), it was noted that several victims were drugged by the defendant, a dentist. When asked to stand, they responded that they were unable to do so. It was clear that the victims had no control over their bodies yet this fact did not resolve the question of whether they were "physically helpless” for purposes of the statute.
The fact that at a certain point some victims were unable to verbally communicate with the defendant raised a question of fact as to whether those victims were "physically helpless” during the entire incident, which was resolved by the Judge’s verdict against the defendant.
In the instant matter the victim is physically unable to stand or move her arms or legs. However, at-trial, she clearly testified that she verbally communicated her lack of consent and protests to the defendant during the incident. Therefore, although she was indeed physically helpless in the ordinary sense of the term, she was not physically helpless for purposes of the statute. Unfortunately, the statute is mislabeled.
Accordingly, the defendant’s motion for a trial order of dismissal of the second count of the indictment, on the grounds that the People have failed to establish a prima facie case, is granted.
The defendant’s motion for a trial order of dismissal of counts one and three of the indictment is denied.