THIRD DEPARTMENT, FEBRUARY, 1990

(February 1, 1990)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN M. THIESSEN, Also Known as MICHAEL LUCIANO, Appellant.—Mikoll, J.

Defendant and his friend, Mark Rothenhausen, residents of New York City, traveled to the State University of New York at Albany (hereinafter SUNY) to visit over the weekend of February 7, 1986 with Rothenhausen's cousin, Stacey Rothenhausen, a student at SUNY. On Saturday, February 8, 1986 defendant attended a party at Stacey's dormitory room which was located next to Lori Schwartz's room.

On the night of February 8, 1986 Schwartz, a swimmer, had been drinking at a party marking the last meet of the swimming team's season and returned to her dorm room sick. Her boyfriend, Brian Olzinski, was called and decided to spend the night there to care for Schwartz. Schwartz went to bed fully clothed with a comforter over her on the lower bunk of a double bunk bed while Olzinski slept in the upper bunk. She fell asleep at about 2:00 A.M.

After about 4:00 A.M. on the morning of February 9, 1986 defendant, who had been consuming alcohol, began roaming the dormitory with friends he had met that weekend. He stated that after he was separated from the individual he was touring the dorm with, he was shown a place to sleep by another person he met in the hallway. Defendant testified he did not awaken until approximately 11:30 A.M. on that morning.

Around 5:30 A.M. the same morning Schwartz was awakened by a strange feeling when she felt pressure between her legs and on her genitals. She saw a body under the comforter but did not see his face. She cried out and her cries woke up Olzinski, who jumped off the upper bunk, uncovered the assailant and threw him out of the room. Olzinski testified that he was able to observe the assailant during this altercation. Subsequently, at around 11:30 A.M. that morning Olzinski encountered defendant and said to him, "Now we've got you nailed." Campus police were called and defendant and Mark Rothenhausen accompanied the police to the Public Safety Office at SUNY. There defendant signed two written statements as to his activities from the time he arrived in Albany to the time of his arrest.

Defendant disputes the claim that he was given his *Miranda* warnings and claims that he signed the second statement under duress since the investigating officer would not allow him to telephone his parents. The second statement was

taken from defendant after the investigating officer discovered that defendant's baptismal name was Stephen M. Thiessen and not Michael Luciano. Defendant was carrying an identification card under the name Stephen M. Thiessen with a false date of birth, which he used to gain entrance to dancing places and to obtain alcoholic drinks, things he otherwise could not do because he was underage.

Defendant was eventually indicted for the crime of sodomy in the first degree. After a jury trial he was found guilty as charged and sentenced to 3⅓ to 10 years in prison. This appeal followed. The judgment of conviction should be affirmed.

Defendant's contention, that County Court erred by denying defendant youthful offender status on the basis of standards contained in the provisions of CPL 720.10 (2) and (3), as amended (L 1986, ch 416, eff Nov. 1, 1986 [not in effect on the date of the commission of this crime]), requiring a finding of exceptional circumstances before such status may be granted, is rejected. County Court considered relevant factors, including the seriousness of the crime, in denying youthful offender status to defendant and there is no showing that County Court abused its discretion in this matter (see, People v McCloskey, 92 AD2d 672, 674; People v Benson, 88 AD2d 229, 232).

Defendant's contention that prosecutorial misconduct requires reversal is also without merit. "It is * * * the right of counsel during summation 'to comment upon every pertinent matter of fact bearing upon the questions the jury have to decide' * * *. And although counsel is to be afforded 'the widest latitude by way of comment, denunciation or appeal in advocating his cause' * * * summation is not an unbridled debate in which the restraints imposed at trial are cast aside so that counsel may employ all the rhetorical devices at his command. There are certain well-defined limits" (People v Ashwal, 39 NY2d 105, 109). It does not appear that in the case at bar the prosecution exceeded those limits (see, supra, at 109-111), viewing the remarks of counsel in context and in relation to the entire trial.

The prosecutor's comments were generally appropriate. They were directed to dispelling inferences raised by defense counsel's comments and questions which minimized the gravity of defendant's acts, the veracity of the victim's account and the accuracy of identification testimony. These were fair comments on the evidence. We note, as well, that when prosecutorial excess did occur, County Court interjected and gave appropriate curative instructions.

Defendant's contention that the People failed to prove defendant guilty of the crime of sodomy in the first degree beyond a reasonable doubt is rejected. The eyewitness identification of defendant by Olzinski was supported by ample evidence including the admissions defendant made to police and Olzinski's testimony concerning lighting conditions. There was also ample proof that the act of sodomy as defined in the Penal Law occurred. There was proof that Schwartz was asleep and therefore helpless and unable to consent. However, when she awoke she could testify to what she saw, which permitted a reasonable person to conclude that the act of sodomy did take place. Olzinski's testimony corroborated that of Schwartz as to the facts from which the jury could conclude that the crime of sodomy did occur.

Defendant's claims that County Court erred by admitting into evidence a mug shot of defendant is without merit. The picture of defendant was taken at his arrest and the jury was informed of this fact, so that no prejudice resulted to him because it was a mug shot. Further, it was relevant proof of defendant's appearance at the time of the crime and corroborated Olzinski's identification testimony *(see, People v Pobliner,* 32 NY2d 356, 369, *cert denied* 416 US 905).

Finally, defendant's argument that the sentence imposed is unduly harsh and excessive fails. The sentence was within the statutory limits for a class B felony conviction *(see,* Penal Law §§ 130.50, 70.00 [2] [b]). There is no showing that County Court abused its discretion in imposing this sentence and it therefore should not be disturbed *(see, People v Donnelly,* 103 AD2d 941, 942).

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.