OPINION OF THE COURT
Melchor E. Castro, J.
The defendant is charged with the crime of sexual misconduct, second degree. In this motion, he challenges the facial sufficiency of the accusatory instrument. The question presented to the court is whether natural, uninduced sleep constitutes being in a physically helpless condition from which one may be deemed incapable of consenting to deviate sexual intercourse. The information alleges that the complainant was asleep in the defendant’s apartment, when he awoke to realize that the defendant had inserted his penis in the complainant’s anus.
To be facially sufficient, an information charging this offense[1] must allege two elements: an act of deviate sexual intercourse between the defendant and the alleged victim, and the alleged victim’s lack of consent to the act. With respect to the first element, we need not pause, since there are sufficient facts alleging penile-anal sexual conduct. As to the second element, a person is deemed unable to consent when he or she is physically helpless (Penal Law § 130.05 [2], [3] [d]). The term " '[plhysically helpless’ means that a person is unconscious or for any other reason is physically unable to communicate unwillingness to an act.” (Penal Law § 130.00 [7].) The defendant argues that this definition does not encompass natural sleep.
The practice commentary states that the definition of "physically helpless” would apply to a person who was in a deep sleep as a result of barbiturate consumption or who was a paralytic (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law art 130, at 573). A survey of the cases shows that where article 130 prosecutions are premised on the victim’s lack of consent due to "physical helplessness,” the condition is generally drug or alcohol *759 induced (e.g., People v Teicher, 52 NY2d 638; People v Yankowitz, 169 AD2d 748; People v Cirina, 143 AD2d 763). However, the statutory definition appears to have broader application. In discussing the definition of "physically helpless”, the court in People v Morales (139 Misc 2d 200, 202) said, "[a] fair reading of the statute indicates the requirement of a mental state that limits or prohibits the victim from communicating a lack of consent to the conduct of the perpetrator.” It is axiomatic that sleep is the antithesis of awareness. It is that periodic state of rest in which consciousness is suspended. Whether induced by drug, or achieved by normal processes, being in the state of sleep renders one unable to make a conscious choice.
Although dictum, the Court in People v Irving (151 AD2d 605) found the statutory definition of "physically helpless” to be broad enough to include a sleeping victim. In People v Thiessen (158 AD2d 737), the Court found a sleeping victim[2] to be helpless and unable to consent. The facts alleged in this information clearly demonstrate the complainant’s lack of awareness of the defendant’s act of penetration. While asleep the complainant was physically unable to communicate his unwillingness to participate in a sexual act.
Nor is the lack of consent altered by the complainant’s conduct after he awoke. The information alleges that on waking, the complainant told the defendant to stop. The defendant allegedly responded that the complainant should relax, to make it easier. According to the information, the defendant continued performing deviate sexual intercourse upon the complainant for 5 to 10 minutes. These allegations do not constitute the crime of sexual misconduct, since no facts demonstrating either forcible compulsion or incapacity to consent are alleged. The defendant posits that the complainant’s conduct on awaking vitiates any prior claim of nonconsensual sex. This position is untenable. First, the complainant did not acquiesce in the conduct complained of. On gaining consciousness, the complainant told the defendant to stop. There was no ratification of the defendant’s acts, but rather the opposite. Second, the defendant’s acts ripened into the crime of sexual misconduct upon contact between the defendant’s penis and the complainant’s anus (cf., People v Griffith, 80 AD2d 590; People v Reed, 144 AD2d 932; People v Francis, 153 AD2d 901; People *760 v Lipinski, 159 AD2d 860). The later conduct is relevant on the trial issues of credibility and whether the complainant was "physically helpless”. The information does comply with the requirements that it contain allegations which provide reasonable cause to believe that the defendant committed the offense alleged, and nonhearsay allegations of fact which establish, if true, every element of the offense charged (People v Alejandro, 70 NY2d 133).
The defendant’s motion to dismiss the information on the grounds of facial sufficiency is denied in all respects.

. Penal Law § 130.20 (2) reads as follows:
"A person is guilty of sexual misconduct when * * *
"2. He engages in deviate sexual intercourse with another person without the latter’s consent.”

. The Court in Thiessen (supra) attached no significance to the fact that the victim was drinking alcoholic beverages and had become ill before returning to her room and falling asleep. Thus, there is some question as to whether this is a pure sleep case or not.