■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE F. MORRIS, Appellant. [713 NYS2d 107] —Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered October 13, 1999, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

Defendant, who admitted possessing a loaded handgun, pleaded guilty to one count of criminal possession of a weapon in the third degree and was sentenced to a determinate term of six years in prison, with two years' postrelease supervision (*see,* Penal Law § 70.02 [1] [c]; [3] [c]; § 265.02 [4]). Defendant now argues that this sentence was harsh and excessive because County Court failed to consider his age, family background, minimal prior criminal record, reason for carrying the weapon, and expressions of remorse as well as the more lenient sentence offered in an earlier, rejected plea bargain. We cannot agree with this contention. A sentence within permissible statutory ranges will not be disturbed unless extraordinary circumstances exist warranting a modification (*see, People v Dolphy,* 257 AD2d 681, 685, *lv denied* 93 NY2d 872). Here, a review of the record reveals that County Court was aware of all the pertinent factors concerning defendant's background and, given the serious nature of the crime, we find no reason to disturb the sentence imposed.

Cardona, P. J., Mercure, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.