■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KITTA SENSOURICHANH, Appellant. [737 NYS2d 670] —Carpinello, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered September 22, 2000, upon a verdict convicting defendant of the crime of rape in the first degree.

Defendant was indicted on the charge of rape in the first degree as a result of allegations that he had sexual intercourse with a friend (hereinafter the victim) while she was asleep in her bed after she engaged in a night of drinking, smoking marihuana and ingesting a pill of unknown origin. A jury found him guilty as charged, and he was thereafter sentenced as a second felony offender to 14 years in prison, prompting this appeal.

"A person is guilty of rape in the first degree when he * * * engages in sexual intercourse with another person * * * [w]ho is incapable of consent by reason of being physically helpless" (Penal Law § 130.35 [2]), that is, "unconscious or for any other reason * * * physically unable to communicate unwillingness to an act" (Penal Law § 130.00 [7]). It is well settled that the definition of physically helpless is broad enough to cover a sleeping victim (*see, People v Beecher*, 225 AD2d 943; *People v Thiessen*, 158 AD2d 737, *mod* 76 NY2d 816; *People v Irving*, 151 AD2d 605; *People v Copp*, 169 Misc 2d 757, 758-759), particularly where, as here, there is strong evidence that the victim's sleep was drug and alcohol induced (*compare, People v Thiessen, supra*). At trial, the victim testified that in the early morning hours of October 16, 1999, following a night of party-

ing with friends, she was asleep in her bed when awoken by the feeling of pain from "someone" on top of her having sexual intercourse. According to the victim, she did not initially realize that it was in fact defendant. Rather, when she told her attacker to stop, defendant told her that he was someone else. After the victim hit defendant in the chest to get him to stop, he rolled off her, grabbed her face and laughingly informed her that he might not have revealed his true identity. At this point, according to the victim, she realized that her attacker was defendant and she ran out of the bedroom. At trial, the victim unequivocally testified that she did not consent to any sexual activity with defendant as she was asleep and immediately protested when she became aware of what was happening.

There was also evidence adduced at trial that various investigators and police detectives monitored two conversations between defendant and the victim following the incident. Although an attempt to tape record the first conversation was unsuccessful, an investigator and detective who overheard same via a monitoring device each testified about what they heard. According to them, during this initial conversation, when the victim demanded an explanation from defendant for his conduct, defendant indicated that he did not have an answer except to say that he had been drinking alcohol that night. Moreover, according to the investigator and detective, defendant never denied raping the victim in either conversation. Defendant took the stand in his own defense and testified that all sexual contact that morning was consensual and took place while the victim was awake. Defendant denied telling the victim that he was someone else, but conceded that he never questioned her version of events during their initial conversation about the incident (i.e., that she *woke up* to find him having sexual intercourse with her).

Given this evidence, we are unpersuaded by defendant's contention that there was legally insufficient evidence from which the jury could have found him guilty of rape in the first degree (*see, People v Bleakley*, 69 NY2d 490, 494-495). We are likewise unpersuaded that the verdict is against the weight of the evidence (*see, id.*). In support of both contentions, defendant primarily claims that the victim's testimony was not credible and that her recitation of their encounter was so internally inconsistent as not to be worthy of belief. We have reviewed her testimony and are unable to conclude that it was incredible as a matter of law (*see, People v Neil*, 289 AD2d 611; *see also, People v Teicher*, 52 NY2d 638, 649). Rather, the jury heard both parties' version of events, particularly defendant's claim

that the victim, while awake, was a willing participant in sexual relations, and obviously credited the victim's testimony. We find no basis to disturb this credibility resolution (*see*, *id.*).

Finally, in light of defendant's recent criminal history, we decline to disturb the sentence imposed.

Mercure, J.P., Crew III, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.