■ The People of the State of New York, Respondent, v Adam Krzykowski, Appellant. [742 NYS2d 138] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered December 8, 2000 in Albany County, convicting defendant following a nonjury trial of the crime of rape in the first degree.

Defendant was indicted by a grand jury for the crimes of

rape in the first degree and burglary in the second degree stemming from an incident which occurred in the early morning hours of November 21, 1999. It was alleged that after defendant, a friend he had known for many years (hereinafter the victim), their respective spouses and others engaged in an evening of drinking, defendant had sexual intercourse with the victim while she slept. Found guilty of rape in the first degree after a nonjury trial, defendant was sentenced by Supreme Court to a determinate term of 10½ years in prison. He now appeals.

Defendant argues that, due to the insufficiency of the evidence at trial, the verdict was against the weight of the evidence. We disagree. At trial, the victim testified that after an evening of drinking at two local bars with a group of family and friends which included defendant, she went to her sister-in-law's home accompanied by her husband, defendant and others. Shortly after arriving there, she went upstairs to bed. Her next recollection was a rocking motion in the bed and the thought that her husband was in bed with her. The victim then looked behind her and saw defendant, who was having sexual intercourse with her. She further testified that defendant held her by her waist until he let go and she thereafter got up, shocked and terrified, put her jeans on, punched or slapped defendant twice in the face, yelled at him and asked him what he was doing and ran downstairs and out of the house. She also testified that as she was walking to her car, which she had left at the last bar, defendant pulled up and verbally accosted her. After retrieving her car, she returned to her sister-in-law's home and thereafter reported the incident to the police as a rape.

Defendant testified that, after the victim had gone to bed, he and the victim's husband talked for about an hour, then the husband asked defendant to drive him home. After dropping the victim's husband off, defendant returned to the sister-in-law's home to retrieve his house keys and, because he was tired, asked the sister-in-law if he could sleep there. After receiving permission to do so, he went upstairs and laid down in what he believed was an unoccupied bed. Shortly thereafter, he felt a hand come over his side and rub his crotch. He rolled over and saw the victim, they began "fooling around" and then had sex, with defendant positioned behind the victim who was on her side with her arm around the back of his neck. Defendant stated that the victim did not look at him. He testified that when he attempted to change positions and get on top of her, the victim "freaked out," got out of bed and accused him of

raping her. He testified that he did speak to the victim shortly thereafter as she was walking to her car and she continued to accuse him of rape. Later that day, defendant called the police and voluntarily went into the police station and gave them a statement regarding the incident.

As charged here, "[a] person is guilty of rape in the first degree when he * * * engages in sexual intercourse with another person * * * [w]ho is incapable of consent by reason of being physically helpless" (Penal Law § 130.35 [2]). " 'Physically helpless' means that a person is unconscious or for any other reason is physically unable to communicate unwillingness to an act" (Penal Law § 130.00 [7]). Reviewing the record, we conclude that the People's proof, when considered in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620, 621; *People v Spaulding*, 247 AD2d 762, 764), was legally sufficient to "satisfy the proof and burden requirements for every element of [rape in the first degree]" (*People v Bleakley*, 69 NY2d 490, 495). It is clear that while the testimony of the victim's sister-in-law was legally insufficient to satisfy the proof and burden requirements of burglary in the second degree as charged in the indictment, it specifically contradicted defendant's testimony that she gave him permission to sleep at her house. Moreover, defendant did not deny that he had sexual intercourse with the victim, but claimed it was consensual. The victim denied she ever gave defendant permission to have sexual intercourse with her, and her testimony that she was asleep when the intercourse occurred satisfies the element of physical helplessness (*see, People v Sensourichanh*, 290 AD2d 886, 886). Furthermore, our review of the victim's testimony does not reveal it to be, as defendant argues, incredible as a matter of law and without evidentiary value (*see, People v Neil*, 289 AD2d 611, 612). Consequently, we reject defendant's claim that the evidence was legally insufficient to support his conviction.

We also find without merit defendant's claim that due to the insufficiency of the evidence his conviction was against the weight of the evidence. From our independent review of the record evidence and our " 'weigh[ing of] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from [it]' " (*People v Bleakley*, 69 NY2d 490, 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62), we conclude that defendant's conviction was not against the weight of the evidence. On this review, we accord great deference to the credibility determinations of Supreme Court, as the trier of fact, and find the evidence fully

supported by the record (*see, People v Hodge*, 290 AD2d 582, 583; *People v Alford*, 287 AD2d 884, 887).

Finally, we reject defendant's argument that his sentence was harsh and excessive. Defendant's sentence fell well within the permissible statutory range for rape in the first degree, a class B violent felony offense (*see,* Penal Law § 70.02 [1] [a]; [2] [a]; [3] [a]), and it is well settled that a legally permissible sentence will not be disturbed absent an abuse of discretion by the sentencing court or the existence of extraordinary circumstances warranting a reduction of the sentence in the interest of justice, neither of which we find present here (*see, People v Bell*, 290 AD2d 729, 729-730; *People v Morris*, 275 AD2d 818, *lv denied* 96 NY2d 737; *People v Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872).

Cardona, P.J., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the judgment is affirmed.