■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD GREENE, Appellant. [787 NYS2d 466]—

Kane, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered October 29, 2003, upon a verdict convicting defendant of the crimes of rape in the first degree, rape in the second degree, incest (four counts), sodomy in the first degree (three counts), sodomy in the second degree (two counts), sexual abuse in the first degree, intimidating a witness in the third degree and sodomy in the third degree.

A grand jury indicted defendant on charges that he committed numerous sexual acts with his daughter over the course of several years. This Court previously reversed his conviction on 14 counts and ordered a new trial (306 AD2d 639 [2003], *lv*

*denied* 100 NY2d 594 [2003]). Following the second trial, a jury again convicted defendant of 14 counts and County Court imposed the same sentence it had pronounced after the first trial. Defendant appeals.

The jury's verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant only contests the proof on one element on each of two counts, rape in the first degree and intimidating a victim. Regarding the element that the victim was "incapable of consent by reason of being physically helpless" at the time of the rape (Penal Law § 130.35 [2]), the victim testified that she awoke to find defendant on top of her in the midst of intercourse, with his penis in her vagina. That testimony established that she was asleep when defendant penetrated and began raping her, which is sufficient to prove physical helplessness under the statute (*see People v Krzykowski*, 293 AD2d 877, 879 [2002], *lv denied* 100 NY2d 643 [2003]; *People v Sensourichanh*, 290 AD2d 886, 886 [2002]). Her testimony that the penetration hurt was not contradictory, as the penetration continued throughout the rape. Defendant argues that in the intimidation charge, the People failed to prove the element that defendant compelled the victim to refrain from telling "any court, grand jury, prosecutor, police officer or peace officer" (Penal Law § 215.15 [1]), because, according to the victim's testimony, she was intimidated after stating that she would inform her mother of the abuse and a mother is not an individual listed in the statute. While a mother is not listed, the victim's testimony continued by relating defendant's response of getting a gun, putting it to the victim's head, threatening that if she told "anybody" he would kill her and saying "boom." This evidence was sufficient to establish defendant's guilt of each of these crimes and, as there was no conflicting evidence and we must give deference to the jury's ability to assess witness credibility, the verdict was not against the weight of the evidence (*see People v Love*, 307 AD2d 528, 530 [2003], *lv denied* 100 NY2d 643 [2003]).

The prosecutor's comment during jury selection did not violate defendant's due process rights. The comment, taken alone, could be construed as implying that defendant would testify, even though he had no obligation to do so. When taken in context, however, including County Court's preceding instructions that defendant had no burden to present any evidence and did not have to take the stand, the statement meant that the People would only present the testimony of one person who was present when the crimes occurred, meaning the victim, because only two people were present during the commission of those

crimes, the victim and defendant. Thus, the comment did not violate defendant's right to remain silent or infringe upon his exercise of that right.

The People's brief redirect concerning uncharged additional sexual conduct against the victim did not deprive defendant of his right to a fair trial. The scope of redirect examination falls within the trial court's sound discretion (*see People v Massie*, 2 NY3d 179, 183 [2004]; *People v Melendez*, 55 NY2d 445, 451 [1982]; *People v Conway*, 297 AD2d 398, 399 [2002], *lv denied* 99 NY2d 581 [2003]). The court may permit further inquiry on a subject if the defense "opens the door" by providing incomplete or misleading information, although such inquiry must be limited to only such "otherwise inadmissible evidence [as] is reasonably necessary to correct the misleading impression" (*People v Massie, supra* at 184). Here, defense counsel exploited the *Molineux* ruling, which prohibited evidence regarding uncharged sexual conduct, through cross-examining the victim regarding whether defendant committed any other sexual acts against her during certain time periods and implying that this was isolated contact. The People were properly permitted to inquire on redirect concerning when defendant first committed such acts and the general question whether sexual conduct had occurred other than the specific acts to which she had testified on direct. These questions were proper because they were limited and clarified the topic addressed on cross-examination (*see People v Melendez, supra* at 451).

The prosecutor's summation likewise did not deprive defendant of a fair trial. Most of the prosecutor's comments were either conclusions fairly deduced from the evidence or a fair response to defense counsel's summation. Any transgressions were addressed by immediate curative instructions or were not so flagrant or pervasive that they warrant a new trial (*see People v Montgomery*, 8 AD3d 881, 883 [2004], *lv denied* 3 NY3d 678 [2004]; *People v Thomas*, 8 AD3d 303, 303 [2004], *lv denied* 3 NY3d 682 [2004]; *compare People v Ashwal*, 39 NY2d 105, 111 [1976]).

Defendant's sentence of maximum consecutive terms—reduced to an aggregate of 50 years pursuant to Penal Law § 70.30—was not harsh or excessive under the circumstances. Although the sentence was greater than that offered during plea negotiations, it cannot be regarded as a penalty for asserting the right to trial considering that County Court imposed the same sentence as after the first trial (*see People v Chilson*, 285 AD2d 733, 735-736 [2001], *lvs denied* 97 NY2d 640 [2001], 752 [2002]). Based on defendant's sexual exploitation of his young

daughter over a period of several years, including threats of harm and death if she revealed his incestuous abuse, we find that the court did not abuse its discretion in imposing such a lengthy sentence, even if it effectively means that defendant will never live to see parole (*see People v Shook*, 294 AD2d 710, 714 [2002], *lv denied* 98 NY2d 702 [2002]).

Defendant's remaining contentions have been reviewed and found to be without merit.

Peters, J.P., Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.