■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW SMITH, Appellant. [790 NYS2d 805]—

Appeal from a judgment of the Chautauqua County Court (John T. Ward, Jr., J.), rendered April 19, 2004. The judgment convicted defendant, after a nonjury trial, of rape in the first degree and burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is affirmed.

Memorandum: Defendant was convicted, following a nonjury trial, of rape in the first degree (Penal Law § 130.35 [2]) and burglary in the second degree (§ 140.25 [2]). He was sentenced to concurrent seven-year determinate terms of incarceration and a three-year period of postrelease supervision. Defendant contends that the verdict is against the weight of the evidence and that the evidence is legally insufficient. We disagree.

Defendant, his male friend, and two females, including the victim, spent the afternoon and evening of July 29, 2002 waterskiing, drinking alcohol, and smoking marihuana. The victim testified that, around 2:00 A.M., she went to her apartment and fell asleep on her couch. She testified that she awoke to find defendant "on top of" and "having sex" with her. The victim pretended to be asleep throughout the entire sex act. Defendant testified on his own behalf that he entered the victim's apartment through a side window because he saw the victim on the couch with a cigarette in her hand and was afraid for her

safety. He further testified that all the sexual contact that evening was consensual and took place while the victim was awake.

"A person is guilty of rape in the first degree when he . . . engages in sexual intercourse with another person . . . [w]ho is incapable of consent by reason of being physically helpless" (Penal Law § 130.35 [2]), that is, "unconscious or for any other reason . . . physically unable to communicate unwillingness to an act" (§ 130.00 [7]). The definition of physically helpless is broad enough to cover a sleeping victim (*see People v Krzykowski*, 293 AD2d 877, 879 [2002], *lv denied* 100 NY2d 643 [2003]; *People v Sensourichanh*, 290 AD2d 886 [2002]; *People v Beecher*, 225 AD2d 943, 945 [1996]). The testimony of the victim is unequivocal that she was asleep when she found defendant on top of and having sex with her. Given that evidence, we reject the contention that there was legally insufficient evidence from which the trier of fact could have found defendant guilty of rape in the first degree (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). We are likewise unpersuaded that the verdict is against the weight of the evidence (*see id.*). We have reviewed the victim's testimony and are unable to conclude that it was incredible as a matter of law (*see Sensourichanh*, 290 AD2d at 887; *People v Neil*, 289 AD2d 611, 612 [2001], *lv denied* 97 NY2d 758 [2002]).

All concur except Green, J.P., who dissents and votes to reverse in accordance with the following memorandum.

Green, J.P. (dissenting). I respectfully dissent. There is no question that, based on the credible evidence presented at trial, a finding different than that of County Court would not have been unreasonable. We must, therefore, " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from that testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987]). If we conclude that the trial court failed to give the evidence the weight it should be accorded, we must set aside the verdict (*see* CPL 470.20 [5]; *Bleakley*, 69 NY2d at 495). In my view, the trial court failed to give the evidence the weight it should be accorded in finding defendant guilty of rape in the first degree based upon complainant's incapacity to consent (*see* Penal Law § 130.00 [7]; § 130.35 [2]). Unlike the sleeping victims in the Third Department cases relied upon by the majority (*People v Krzykowski*, 293 AD2d 877 [2002], *lv denied* 100 NY2d 643 [2003]; *People v Sensourichanh*, 290 AD2d 886 [2002]; *People v Beecher*, 225 AD2d 943 [1996]), complainant did not make an immediate outcry, fight off, or otherwise rebuff the alleged attacker. Rather, she testified that she fell back to sleep and

deferred reporting the alleged attack until she spoke with her friend the following day. In addition, complainant testified that, during the purported rape, she could have communicated her unwillingness to engage in sexual intercourse but elected not to do so. The conduct of complainant during and following the encounter with defendant undercuts the credibility of her allegation that the sexual act was nonconsensual as the result of her physical incapacity. Defendant, on the other hand, provided a credible account of a consensual sexual act following a long day of drinking. In my view, the weight of the credible evidence and the reasonable inferences that may be drawn therefrom do not support a finding that defendant engaged in sexual intercourse with complainant when she was incapable of consent (§ 130.35 [2]) or that he entered her apartment with intent to commit a crime therein (§ 140.25 [2]). I would therefore reverse the judgment of conviction, dismiss the indictment and remit the matter to Chautauqua County Court for proceedings pursuant to CPL 470.45.

In addition, in my view the People failed to discharge their burden of establishing that defendant waived his right to a jury trial in conformity with constitutional and statutory requirements (*see* NY Const, art I, § 2; CPL 320.10 [2]; *People v Davidson*, 136 AD2d 66, 70 [1988]). The record does not establish that defendant actually signed the written waiver instrument in open court (*see People v Finkle*, 262 AD2d 971, 972 [1999], *appeal dismissed* 94 NY2d 942 [2000]; *Davidson*, 136 AD2d at 70). Nor does the brief exchange between the court and defense counsel support the inference that defendant's "waiver of so fundamental a right was 'made knowingly and understandingly, based on an intelligent, informed judgment'" (*Davidson*, 136 AD2d at 70, quoting *People v Duchin*, 12 NY2d 351, 353 [1963]). The court never explained the nature and consequences of the waiver (*cf. People v Yousef*, 236 AD2d 868, 869 [1997], *lv denied* 90 NY2d 866 [1997]), inquired into defendant's understanding of the waiver (*cf. People v Buckley*, 299 AD2d 417, 418 [2002], *lv denied* 99 NY2d 580 [2003]; *People v Watson*, 162 AD2d 360, 361 [1990]), or even addressed defendant on the subject of the waiver. Defendant never acknowledged the waiver or provided any indication that he understood it (*cf. Buckley*, 299 AD2d at 418; *People v Ahl*, 243 AD2d 985, 986 [1997], *lv denied* 91 NY2d 868 [1997]; *Yousef*, 236 AD2d at 869). Defendant has no prior criminal record (*cf. Watson*, 162 AD2d at 361), and nothing in the waiver instrument or the record of the court proceedings provides any assurance that he was "fully aware of the consequences of the choice he [was] making" (CPL 320.10 [2]). Thus, I would also reverse the judgment of conviction on

the further ground that the record fails to establish the knowing and intelligent waiver by defendant of his right to a jury trial. Present—Green, J.P., Scudder, Martoche, Smith and Lawton, JJ.