■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERETT M. STASIAK, Appellant. [808 NYS2d 819]—

Mercure, J.P. Appeal from a judgment of the County Court of Washington County (Catena, J.), rendered February 10, 2005, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree, sexual abuse in the second degree, endangering the welfare of a child (two counts), and harassment in the second degree.

Following an incident during which defendant allegedly put his hands up the then 12-year-old victim's shirt and down her pants and punched another young companion in the face, defendant was convicted by a jury of sexual abuse in the first and second degrees, harassment in the second degree and two counts of endangering the welfare of a child. The court sentenced him to an aggregate term of imprisonment of two years, followed by a three-year period of postrelease supervision. Defendant appeals, arguing that his convictions of sexual abuse in the first degree, sexual abuse in the second degree and endangering the welfare of a child—i.e., the victim—were not supported by

legally sufficient evidence and against the weight of the evidence. We disagree.

To prove a defendant guilty of sexual abuse in the first degree, the People must demonstrate that the defendant subjected another person to sexual contact "[w]hen the other person [was] incapable of consent by reason of being physically helpless" (Penal Law § 130.65 [2]). A person is guilty of sexual abuse in the second degree when he or she subjects a person less than 14 years old to sexual contact (Penal Law § 130.60 [2]). A person is guilty of endangering the welfare of a child when he or she "knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child" (Penal Law § 260.10 [1]). Defendant asserts that the evidence does not establish that he subjected the victim to sexual contact or that she was physically helpless.

The victim testified, however, that she awoke to find defendant with his hands up her shirt and down her pants, groping her breasts and vaginal area. This testimony was sufficient to establish "[s]exual contact," which is "any touching of the sexual or other intimate parts of a person . . . for the purpose of gratifying sexual desire of either party" (Penal Law § 130.00 [3]; *see People v Stephens [Evans]*, 2 AD3d 888, 889 [2003], *lvs denied* 2 NY3d 739, 746 [2004]; *People v Stickles*, 267 AD2d 604, 605 [1999], *lv dismissed* 95 NY2d 839 [2000]). Testimony from defendant and another witness that the victim was sleeping in a chair, as well as the victim's statement that she was dozing after consuming alcohol and marihuana, demonstrated physical helplessness within the meaning of the statute (*see* Penal Law § 130.00 [7]; *People v Greene*, 13 AD3d 991, 992 [2004], *lv denied* 5 NY3d 789 [2005]; *People v Sensourichanh*, 290 AD2d 886, 886-887 [2002]). Viewing the evidence in the light most favorable to the People, we conclude that it was legally sufficient to support the convictions of both counts of sexual abuse, as well as endangering the welfare of a child (*see People v Stickles, supra* at 605; *see generally People v Contes*, 60 NY2d 620, 621 [1983]). Moreover, considering the evidence in a neutral light and according deference to the jury's assessment of witness credibility and demeanor, we conclude that the verdict was not against the weight of the evidence (*see People v Stephens, supra* at 889-890; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Finally, defendant's assertions of prosecutorial misconduct are concededly unpreserved and, in any event, "[m]ost of the prosecutor's comments were either conclusions fairly deduced from the evidence or a fair response to defense counsel's sum-

mation [and] [a]ny transgressions were . . . not so flagrant or pervasive that they warrant a new trial" (*People v Greene, supra* at 993). Defendant's remaining arguments have been considered and found to be lacking in merit.

Peters, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.