■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK DeCICCO, Appellant. [830 NYS2d 837]—

Crew III, J. Appeal from a judgment of the County Court of Ulster County (Kavanagh, J.), rendered December 20, 2004, upon a verdict convicting defendant of the crimes of sodomy in the first degree, sodomy in the third degree and endangering the welfare of a child.

The victim here, a 16-year-old boy, was temporarily living with defendant, having been "kicked out" of his home by his father. On or about July 29, 2003, the victim awoke to find his shorts pulled down to his ankles and defendant performing oral sex on him. As a consequence, defendant was indicted and charged with sodomy in the first degree, sodomy in the third degree and endangering the welfare of a child. Following a jury trial, defendant was convicted as charged and thereafter sentenced to, among other things, 15 years' imprisonment with a five-year period of postrelease supervision. Defendant now appeals and we affirm.

Initially, we note that defendant's contention that his conviction for sodomy in the first degree is not supported by legally sufficient evidence is not preserved for our review inasmuch as defendant failed to move to dismiss that count of the indictment on that ground (see People v Gray, 86 NY2d 10, 20-21 [1995]). Nevertheless, were we to consider that argument, we would find it without merit. Contrary to defendant's contention, the People were not required to prove that the victim's sleep was drug or alcohol induced. The evidence reflects that the victim was asleep and awoke to find defendant sodomizing him, which was sufficient to permit the jury to conclude that the victim was physically helpless at the time of the criminal act (see e.g. People v Beecher, 225 AD2d 943, 945 [1996]; People v Thiessen, 158 AD2d 737, 740 [1990], mod 76 NY2d 816 [1990]).

We likewise reject defendant's contention that the verdict was against the weight of the evidence. This assertion is based upon the purported unreliability of the victim's testimony, which is

nothing more than an attack upon the victim's credibility, a determination wholly within the province of the jury (*see People v Ortiz*, 16 AD3d 831, 833 [2005], *lv denied* 4 NY3d 889 [2005]). We have considered defendant's remaining arguments and find them equally without merit.

Mercure, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.