(May 31, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN WILLIAMS, Appellant. [837 NYS2d 384]—

Mugglin, J. Appeal from a judgment of the County Court of Rensselaer County (Breslin, J.), rendered August 25, 2005, upon a verdict convicting defendant of the crime of rape in the first degree.

Following a jury trial, defendant was convicted of rape in the first degree by engaging in sexual intercourse with a victim incapable of consent by reason of being physically helpless. Sentenced to a prison term of 22 years with five years of postrelease supervision, defendant appeals, asserting pretrial error, trial errors, lack of legally sufficient evidence to support a rape in the first degree conviction, that the verdict is against the weight of the evidence, ineffective assistance of counsel and that the sentence is harsh and excessive.

Defendant's pretrial error claim is that his statement to the State Police should have been suppressed because he was intoxicated when the statement was taken. Intoxication alone is insufficient to render a statement involuntary (*see People v Perry*, 144 AD2d 706, 706 [1988], *lv denied* 73 NY2d 925 [1989]; *People v Dobranski*, 112 AD2d 541, 541 [1985], *lv denied* 66 NY2d 614 [1985]). Only when the degree of inebriation has risen to the level of mania or to the level where the defendant is unable to comprehend the meaning of his or her words is the statement supressable (*see People v Gagliardi*, 232 AD2d 879, 880 [1996]; *People v Dobranski, supra* at 541). Here, although defendant claims to have consumed beer and taken a prescription pain killer before being advised of his *Miranda* warnings, County Court's decision to credit the testimony of the interviewing investigator that defendant did not appear intoxicated is entitled to deference since, on this record, it is not clearly erroneous (*see People v Gagliardi, supra* at 880).

Next, after a thorough review of the record, we conclude that the jury's verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley,*

69 NY2d 490, 495 [1987]). Defendant's principal contention in this regard centers upon his claim that the evidence does not support a finding that the victim was physically helpless at the time of sexual intercourse. It is well settled that a person who is sleeping is "physically helpless" for the purposes of consenting to sexual intercourse, particularly where the sleep was drug and alcohol induced (*see People v Sensourichanh*, 290 AD2d 886, 886 [2002]). Here, the undisputed prosecutorial evidence established that the victim drank alcohol and smoked marihuana prior to retiring for the evening. She testified that when she retired, she passed out and, thereafter, in succession, became aware of someone's tongue in her mouth and facial hair rubbing against her cheek, a "beer belly" pressed against her stomach and a penis in her vagina. Now, fully awake, she pushed her attacker off the bed and heard him say "you know you want it." She identified him by his voice and his "beer belly." Viewed in the light most favorable to the People (*see People v Bleakley, supra* at 495; *People v Haight*, 19 AD3d 714, 715 [2005], *lv denied* 5 NY3d 806 [2005]), the jury could validly infer that penetration occurred while the victim was physically helpless and therefore the evidence is sufficient to establish this element of the crime of rape in the first degree (*see People v Greene*, 13 AD3d 991, 992 [2004], *lv denied* 5 NY3d 789 [2005]; *People v Krzykowski*, 293 AD2d 877, 878-879 [2002], *lv denied* 100 NY2d 643 [2003]).

Likewise, we are unpersuaded that the verdict is against the weight of the evidence. Although a contrary verdict would not have been unreasonable should the jury have accepted defendant's trial testimony (notably, at variance with the statement he gave to the police), it is the jury's responsibility to resolve all issues of credibility, resolutions which are accorded due deference (*see People v Durant*, 6 AD3d 938, 941 [2004], *lv denied* 3 NY3d 639 [2004]). Viewing the evidence in a neutral light (*see People v Bleakley, supra* at 495), we find no basis to disturb the jury's determinations and, thus, reject defendant's claim that the verdict was against the weight of the evidence.

The balance of the issues raised by defendant do not require extended discussion. First, defendant's claim regarding the prosecution's introduction of evidence of defendant's silence during police questioning was not objected to during trial and thus is unpreserved for our review (*see* CPL 470.05 [2]; *People v Dawson*, 50 NY2d 311, 316 [1980]; *People v Ward*, 10 AD3d 805, 806 [2004], *lv denied* 4 NY3d 768 [2005]). In any event, the testimony about defendant's silence was not related to an accusation of guilt or his refusal to answer a question concerning his guilt or innocence (*see People v Dawson, supra* at 319-320;

*People v Rutigliano*, 261 NY 103, 105-106 [1933]; *People v Goldston*, 6 AD3d 736, 737 [2004]; *People v Sprague*, 267 AD2d 875, 879 [1999], *lv denied* 94 NY2d 925 [2000]), but only concerned his momentary silence when he was accused of lying about threats or requests for money made to him by the victim. As such, "there is no reasonable possibility that [this evidence] contributed to the conviction" (*People v Hamlin*, 71 NY2d 750, 756 [1988]).

Second, although the prosecution did introduce evidence which had the effect of bolstering the victim's identification of defendant as the perpetrator, the error is harmless since there is no substantial controversy regarding defendant's involvement with the victim (*see People v Dayter*, 112 AD2d 643, 646 [1985], *lv denied* 66 NY2d 614 [1985]). Third, to the extent that defendant preserved any issue of prosecutorial misconduct, we are unconvinced that such conduct was so pervasive as to impact defendant's right to a fair trial in light of the curative instructions given by County Court. Moreover, in large measure, defendant's complaints focus on arguments fairly based on the evidence and in response to defendant's arguments (*see e.g. People v Beyer*, 21 AD3d 592, 595 [2005], *lv denied* 6 NY3d 752 [2005]).

Fourth, since there is no reasonable view of the evidence that defendant committed the lesser offense of sexual misconduct, but not the greater crime of rape in the first degree, it was not error to refuse to charge sexual misconduct as a lesser included offense (*see People v Maxwell*, 260 AD2d 653, 654 [1999], *lv denied* 93 NY2d 1004 [1999]; *People v Cole*, 212 AD2d 822, 824 [1995], *lv denied* 86 NY2d 733 [1995]). Fifth, viewing the totality of the evidence, the law and the circumstances of the case, defendant was provided with meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant is not entitled to perfect representation and, on this record, we discern no constitutional infringement of his right to the effective assistance of counsel.

As a final matter, we are persuaded, after careful consideration of, among other things, the facts surrounding this crime, defendant's lack of a significant criminal history and sentences imposed in cases involving comparable convictions (*see e.g. People v Krzykowski*, *supra* at 877; *People v Sensourichanh*, *supra* at 886; *People v Cole*, 212 AD2d 822 [1995], *lv denied* 86 NY2d 733 [1995]) that defendant's sentence is excessive. We, therefore, exercise our interest of justice jurisdiction to reduce his sentence to a prison sentence of 15 years to be followed by a five-year period of postrelease supervision (*see* Penal Law § 70.45 [2]).

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed to 15 years and, as so modified, affirmed.