■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. BUSH, Appellant. [868 NYS2d 419]—

Peters, J.

In the early morning hours of December 8, 2006, defendant entered the home of the victim and her boyfriend and performed certain sexual acts upon the victim while she was asleep. Upon waking, the victim woke her boyfriend, who escorted defendant out of the residence. The police found defendant nearby in front of a neighbor's home. Charged in a multicount indictment, he was ultimately found guilty of sexual abuse in the first degree. Defendant was thereafter sentenced to a term of six years in prison to be followed by three years of postrelease supervision. He now appeals.

Defendant contends that the evidence was legally insufficient to support his conviction for sexual abuse in the first degree. Here, the People were required to prove that defendant subjected the victim to sexual contact at a time when she was incapable of consent by reason of being physically helpless (see Penal Law § 130.65 [2]). "Sexual contact" is broadly defined as "any touching of the sexual or other intimate parts of a person . . . for the purpose of gratifying sexual desire of either party" (Penal Law § 130.00 [3]). Whether defendant was seeking sexual gratification can be inferred from his conduct (see People v Fuller, 50 AD3d 1171, 1175 [2008]; People v Watson, 281 AD2d 691, 697 [2001], lv denied 96 NY2d 925 [2001]).

At trial, the victim testified that she awoke to defendant licking her vagina and buttocks, and then touching and inserting his finger into her vagina. This conduct, together with evidence that defendant's pants were down while performing the acts and that he asked for the victim to be quiet so as to not wake her sleeping boyfriend, supports an inference that defendant was seeking sexual gratification (see People v Beecher, 225 AD2d 943, 945 [1996]). Further, the victim's testimony that she was asleep at the time the sexual contact first took place was sufficient to establish the element of physical helplessness within

the meaning of the statute (*see* Penal Law § 130.00 [7]; *People v Greene*, 13 AD3d 991, 992 [2004], *lv denied* 5 NY3d 789 [2005]; *People v Beecher*, 225 AD2d at 945). The minor inconsistencies in the victim's testimony, which were fully explored on cross-examination, did not undermine her testimony in any meaningful respect (*see People v Bruno*, 47 AD3d 1064, 1066 [2008], *lv denied* 10 NY3d 809 [2008]; *People v Gilliam*, 36 AD3d 1151, 1152 [2007], *lv denied* 8 NY3d 946 [2007]). Thus, as corroboration was not required under these circumstances (*see People v Soulia*, 263 AD2d 869, 872 [1999], *lv denied* 94 NY2d 829 [1999]), the victim's testimony as to what she saw and felt upon waking, when viewed in a light most favorable to the People, provided a valid line of reasoning and permissible inferences which could lead the jury to conclude that defendant committed the crime of sexual abuse in the first degree (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Thiessen*, 158 AD2d 737, 740 [1990], *mod* 76 NY2d 816 [1990]).

Finally, by expressly consenting to County Court's decision not to submit an intoxication charge to the jury, defendant waived his present assertion that the court erred in failing to provide such instruction (*see People v Hightower*, 286 AD2d 913, 914 [2001], *lv denied* 97 NY2d 656 [2001]; *People v Kidd*, 202 AD2d 1014, 1015 [1994], *lv denied* 83 NY2d 968 [1994]; *People v Sceravino*, 193 AD2d 824, 824 [1993], *lv denied* 82 NY2d 759 [1993]; *People v Sanders*, 176 AD2d 477, 478 [1991], *lv denied* 79 NY2d 831 [1991]).

Mercure, J.P., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.