■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN M. MANNING, Appellant. [917 NYS2d 721]—

Stein, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered May 4, 2009, upon a verdict convicting defendant of the crime of sexual abuse in the first degree.

In late July 2003, the victim (born in 1992) was staying overnight at the home of defendant. While the victim was asleep on the couch, she was allegedly awakened by defendant's hands moving up her leg, "playing with [her] vagina and then he put his finger in [her] vagina." Defendant was subsequently indicted for and convicted of one count of sexual abuse in the first degree. Defendant now appeals and we affirm.

Initially, we reject defendant's contention that the evidence was legally insufficient to support his conviction. In order to support his conviction of sexual abuse in the first degree as charged, the People were required to prove that defendant subjected the victim to "sexual contact . . . [w]hen the [victim was] incapable of consent by reason of being physically helpless" (Penal Law § 130.65 [2]). It is well established that physical helplessness is defined broadly and may include a sleeping victim (*see People v DeCicco*, 38 AD3d 937, 937 [2007], *lv denied* 8 NY3d 983 [2007]; *People v Smith*, 16 AD3d 1033, 1034 [2005], *affd* 6 NY3d 827 [2006], *cert denied* 548 US 905 [2006]). Whether or not a victim was physically helpless at the time of the sexual conduct is a question of fact for the jury (*see People v Teicher*, 52 NY2d 638, 649 [1981]; *People v Cecunjanin*, 67 AD3d 1072, 1075 [2009], *lv granted* 14 NY3d 799 [2010]), and we defer to its credibility determinations (*see People v Williamson*, 77 AD3d 1183, 1184 [2010]).

Here, defendant's argument—specifically, that evidence of "physical helplessness" was lacking because the victim woke up prior to the alleged sexual contact—is premised on the erroneous assumption that the sexual contact did not occur until he touched the victim's vagina. The victim testified that she had been sleeping and was awakened by defendant's hands moving up her leg in the area of her thigh. She further testified that, "as [she was] awaking," defendant was "playing with her vagina." In addition, the victim's mother testified that, prior to this incident, the victim had been a very deep sleeper who was difficult to awaken. Viewing this evidence in the light most favorable to the People, a rational person could have concluded that defendant began touching the victim's vagina while she was sleeping, and she became aware that he was doing so "as [she was] awaking" (see People v Cecunjanin, 67 AD3d at 1075; People v Bush, 57 AD3d 1119, 1120 [2008], lv denied 12 NY3d 756 [2009]). Furthermore, sexual contact includes "any touching of the [victim's] sexual or other intimate parts" (Penal Law § 130.00 [3] [emphasis added]). Inasmuch as we have previously held that the thigh/upper leg is an intimate part (see generally People v Stasiak, 25 AD3d 1025, 1026 [2006]; People v Beecher, 225 AD2d 943, 945 [1996]; People v Gray, 201 AD2d 961, 962 [1994], lv denied 83 NY2d 1003 [1994]), even if the victim was already awake when defendant began touching her vagina, there is a valid line of reasoning and permissible inferences from which the jury could reasonably conclude that defendant touched the victim's thigh in between her legs while she was still sleeping, that such contact was sexual and that it occurred while the victim was physically helpless. Accordingly, the verdict was supported by legally sufficient evidence (see People v Self, 75 AD3d 924, 925 [2010], lv denied 15 NY3d 895 [2010]; People v Wicks, 73 AD3d 1233, 1234 [2010], lv denied 15 NY3d 857 [2010]; People v Cecunjanin, 67 AD3d at 1075; People v Fuller, 50 AD3d 1171, 1174-1175 [2008], lv denied 11 NY3d 788 [2008]).

We are also unpersuaded by defendant's claim that he was deprived of a fair trial on the grounds that "disclosure of other alleged victims, repeated bolstering, improper summation and a lack of curative instructions" were all individually and cumulatively prejudicial to his case.[1] The first claim of error advanced by defendant is County Court's denial of his motion

---

**1.** Defendant's appellate brief also contains a reference in the statement of facts to defense counsel's alleged failure to call "important witnesses," insinuating a claim of ineffective assistance of counsel. However, inasmuch as defendant did not present any legal argument regarding any such claim, we deem it abandoned.

for a mistrial. At the time of the trial on the instant charge, defendant was also awaiting trial on sexual abuse charges relating to his stepson and a niece.[2] County Court and counsel for both parties agreed that, in order to avoid prejudice to defendant, no mention of the pending charges would be made throughout the trial. However, one of the People's witnesses, a child protective caseworker, despite having been instructed prior to her testimony not to mention the other alleged victims, testified that she told defendant about the charges against him concerning the victim, the stepson and the niece. Defendant immediately asked to approach the bench and a recess was taken in order for the parties and the court to discuss how to remedy such testimony. County Court denied defendant's motion for a mistrial and, based on the court's discussion with counsel outside the jury's presence, informed the jury when the trial recommenced that defendant had objected to the witness's testimony as "nonresponsive," struck the testimony and ordered the jury "not to consider [the testimony] during its deliberations or to speculate upon the witness's answer to the question in any way." The final charge to the jury also included an admonition that reminded the jury of its obligation to ignore stricken testimony, but did not draw unnecessary attention to such testimony. In our view, under these circumstances, County Court's denial of defendant's motion for a mistrial was not an abuse of its discretion (see People v Newkirk, 75 AD3d 853, 856 [2010]).

Defendant's contention that the testimony of the victim's mother and brother constituted improper bolstering is also unavailing. Although the victim's mother had no firsthand knowledge of the events to which the victim, herself, had already testified, the mother's testimony was relevant to the investigative process of the police and Child Protective Services, and provided background information to explain why the victim had not reported the abuse to the authorities when it occurred (see e.g. People v Rosa, 57 AD3d 1018, 1020 [2008], lv denied 12 NY3d 762 [2009]; People v Mann, 41 AD3d 977, 981 [2007], lv denied 9 NY3d 924 [2007]; People v Petrie, 3 AD3d 665, 666 [2004]).

The testimony of the victim's brother that the victim had reported the alleged sexual abuse to him was properly admitted as a prompt outcry. The brother testified that his conversation with the victim occurred the evening following the incident, after the victim had returned to the home of her father, where her brother sometimes also resided. In our view, the evidence

---

2. Defendant was ultimately acquitted of those charges.

was sufficient to demonstrate that the statement was made at the first suitable opportunity (see People v McDaniel, 81 NY2d 10, 17 [1993]; People v Stearns, 72 AD3d 1214, 1218 [2010], lv denied 15 NY3d 778 [2010]) and was, therefore, admissible to corroborate the victim's allegation that the sexual assault had occurred (see Matter of Gregory AA., 20 AD3d 726, 727 [2005]). Furthermore, the brother's testimony regarding the victim's allegations was not so detailed as to deprive defendant of a fair trial (see e.g. People v Moffitt, 20 AD3d 687, 689-690 [2005], lv denied 5 NY3d 854 [2005]).

Nor do we find merit to defendant's contention that County Court's instruction to the jury regarding the definition of physical helplessness was improper. Based upon our review of the charge given, we are satisfied that it adequately conveyed the standard of proof to be applied by the jury (see People v Marshall, 65 AD3d 710, 713 [2009], lv denied 13 NY3d 940 [2010]; People v Matthews, 221 AD2d 802, 803 [1995], lv denied 88 NY2d 850 [1996]). The remainder of the arguments advanced by defendant, including additional claims of improper bolstering, prosecutorial misconduct and inadequate jury instructions, were not preserved for our review and do not, either alone or cumulatively, warrant corrective action in the exercise of our interest of justice jurisdiction (see CPL 470.05 [2]; People v Stearns, 72 AD3d at 1218; People v Joseph, 68 AD3d 1534, 1537 [2009], lv denied 14 NY3d 889 [2010], cert denied 562 US —, 131 S Ct 797 [2010]; People v Rivera, 31 AD3d 1060, 1061-1062 [2006], lv denied 7 NY3d 869 [2006]).

Mercure, Spain and Malone Jr., JJ., concur; Cardona, P.J., not taking part. Ordered that the judgment is affirmed.