People v Granger (2018 NY Slip Op 08197)





People v Granger


2018 NY Slip Op 08197


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

107924

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
BARKIM L. GRANGER, Appellant.

Calendar Date: October 16, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Paul R. Corradini, Elmira, for appellant, and appellant pro se.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephanie Milks of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered August 6, 2015, upon a verdict convicting defendant of the crimes of rape in the first degree and rape in the third degree.
Defendant, who was 31 years old, allegedly had sexual intercourse with a 15-year-old-girl in February 2013. He was indicted on one count of rape in the first degree and one count of rape in the third degree. Following a jury trial, defendant was convicted as charged and sentenced, as a second violent felony offender, to an aggregate prison term of 14 years followed by 10 years of postrelease supervision. Defendant appeals.
Defendant contends that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence. " When considering a challenge to the legal sufficiency of the evidence, we view the evidence in the light most favorable to the People and evaluate whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (People v Cole, 162 AD3d 1219, 1223 [2018] [internal quotation marks and citations omitted], lv denied 32 NY3d 1002 [2018]). A weight of the evidence review "requires us first to decide whether, based on all the credible evidence, a different finding would not have been unreasonable, and then, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony. When conducting a review of the weight of the evidence, we view the evidence in a neutral light and defer to the jury's credibility assessments" (People v Criss, 151 AD3d 1275, 1276 [2017] [internal quotation marks, brackets and citations omitted], lv denied 30 NY3d 979 [2017]).
A person is guilty of rape in the first degree when, as relevant here, "he or she engages in sexual intercourse with another person . . . [w]ho is incapable of consent by reason of being physically helpless" (Penal Law § 130.35 [2]). " It is well established that physical helplessness is defined broadly and may include a sleeping victim" (People v Manning, 81 AD3d 1181, 1181 [2011] [citations omitted], lv denied 18 NY3d 959 [2012]). A person is guilty of rape in the third degree, as relevant here, if he or she is 21 years old or older and engages in sexual intercourse with another person who is less than 17 years old (see Penal Law § 130.25).
The victim testified that she lived with her uncle and his family and that she first met defendant — her cousin — when he visited her home on February 15, 2013 for a birthday celebration. During the evening of February 16, 2013, she watched television with defendant before she went upstairs to go to bed. She testified that she wore a shirt, underwear and stretchy leggings to bed and fell asleep under the covers. The victim's testimony that she awoke to find defendant on top of her in the midst of intercourse with his penis in her vagina, when viewed in the light most favorable to the People, is legally sufficient to establish the elements of first degree rape (see People v Greene, 13 AD3d 991, 992 [2004], lv denied 5 NY3d 789 [2005]; People v Krzykowski, 293 AD2d 877, 879 [2002], lv denied 100 NY2d 643 [2003]; People v Thiessen, 158 AD2d 737, 740 [1990], affd 76 NY2d 816 [1990]). Likewise, there is legally sufficient evidence of third degree rape based on the victim's testimony that defendant engaged in sexual intercourse with her and the undisputed evidence that defendant and the victim were then 31 and 15 years old, respectively.
Turning to consideration of the weight of the evidence, a different verdict would not have been unreasonable on the charge of rape in the first degree, in light of defendant's argument that the victim must have been awake prior to penetration because it would have been impossible for him to remove her clothing without awakening her [FN1]. The jury had the opportunity to hear the victim's testimony that she was asleep when sexual intercourse began and to observe her demeanor. There was no conflicting evidence, and the victim's credibility was fully explored during cross-examination [FN2]. When we view the evidence in a neutral light and accord deference to the jury's credibility assessments, we cannot say that the verdict was against the weight of the evidence. Defendant's remaining contentions have been found to lack merit.
Garry, P.J., Egan Jr., Clark and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The jury could not have reasonably reached a different verdict on the charge of rape in the third degree based on the uncontroverted testimony that defendant engaged in sexual intercourse with the victim and the evidence conclusively establishing their ages at that time.

Footnote 2: We find unavailing defendant's argument that the verdict was not supported by the weight of the evidence because the victim's trial testimony that she was asleep when sexual intercourse commenced was inconsistent with her grand jury testimony. The victim's grand jury testimony regarding when she awoke was inconclusive and defendant was permitted to use it to impeach the credibility of the victim's trial testimony.