■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID K. LAVERE, Appellant. [654 NYS2d 61] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that County Court should have granted his motion to suppress because the search warrant application failed to satisfy the reliability requirement of the *Aguilar-Spinelli* test. The information in the affidavit of the military police investigator is presumed to be reliable (*see, People v Parris*, 83 NY2d 342, 347, 350; *People v Hetrick*, 80 NY2d 344, 349; *People v Petralia*, 62 NY2d 47, 52, *cert denied* 469 US 852). Additionally, the reliability of the informant was established through evidence that he participated in a controlled buy of marihuana from defendant's residence (*see, People v Davenport*, 231 AD2d 809; *People v Rodriguez*, 201 AD2d 890, 891, *lv denied* 83 NY2d 857; *People v Miner*, 126 AD2d 798, 800).

We likewise reject the contention that the court erred in failing to suppress the oral statements made by defendant to the police before he was given his *Miranda* warnings. The court's determination that defendant was not in custody when he made the challenged statements must be accorded great weight and should not be disturbed unless clearly erroneous (*see, People v Stokes*, 212 AD2d 986, 987, *lv denied* 86 NY2d 741). The record establishes that, when the search warrant of defendant's residence was executed, defendant was not placed in handcuffs or otherwise restrained and was not told that he was under arrest. Furthermore, although defendant initially was asked by the police to sit on the couch in the living room during the search, he was thereafter allowed to move about the house. Under those circumstances, a reasonable man innocent of any crime would not have thought himself to be in custody (*see generally, People v Yukl*, 25 NY2d 585, 589, *mot to amend remittitur denied* 26 NY2d 845, *rearg denied* 26 NY2d 883, *cert denied* 400 US 851).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Jefferson County Court, Clary, J.—Criminal Possession Marihuana, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Callahan and Boehm, JJ.