■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEKSANDR A. SOROKA, Appellant. [813 NYS2d 619]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered June 10, 2003. The judgment convicted defendant, upon a jury verdict, of grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of grand larceny in the fourth degree (Penal Law § 155.30 [5]). Supreme Court properly determined that *Miranda* warnings were not required before defendant made his statement to the police in the living room of his home, and the court therefore properly refused to suppress that statement (*see People v Greene*, 292 AD2d 832 [2002], *lv denied* 98 NY2d 675 [2002]; *People v Stone*, 283 AD2d 980 [2001], *lv denied* 96 NY2d 925 [2001]). The record establishes that defendant's statement was elicited during a noncustodial interview and that the police left defendant's home without arresting defendant even after he had provided them with a written confession (*see People v Butcher*, 11 AD3d 956 [2004], *lv denied* 3 NY3d 755 [2004]; *People v Adelman*, 1 AD3d 1029 [2003]; *People v Ovitt*, 283 AD2d 832, 834 [2001], *lv denied* 96 NY2d 905 [2001]). Under the circumstances, we conclude that a reasonable person innocent of any wrongdoing would not have believed that he was in custody (*see generally Matter of Kwok T.*, 43 NY2d 213, 219-220 [1977]; *People v Yukl*, 25 NY2d 585, 589 [1969], *rearg denied* 26 NY2d 845 [1970], *cert denied* 400 US 851 [1970]).

We further conclude that the court did not abuse its discretion in denying the request of defendant for an interpreter to aid him at trial (*see People v Hernandez*, 295 AD2d 989, 990 [2002], *lv denied* 98 NY2d 711 [2002]). Contrary to defendant's further contention, the definite sentence of one year of incarceration is not unduly harsh or severe, and we decline to reduce the sentence to 364 days to enable defendant to avoid deportation (*see generally People v Vasquez*, 168 AD2d 524, 525 [1990], *lv denied* 77 NY2d 911 [1991]; *People v Padilla*, 166 AD2d 291 [1990], *lv denied* 77 NY2d 842 [1991]). Present—Pigott, Jr., P.J., Scudder, Kehoe, Green and Hayes, JJ.