■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. WITHERSPOON, Appellant. (Appeal No. 1.) [885 NYS2d 829]—

Appeal from a judgment of the Livingston County Court (Joan S. Kohout, A.J.), rendered July 11, 2006. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, assault in the second degree and unlawfully dealing with a child in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him following a jury trial of, inter alia, rape in the first degree (Penal Law § 130.35 [2]) and, in appeal No. 2, he appeals from a judgment convicting him following the same trial of criminal sale of a controlled substance in the fifth degree (§ 220.31).

Viewing the evidence in light of the elements of the crime of rape in the first degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect to that crime (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The jury was entitled to infer that defendant engaged in nonconsensual sexual intercourse with the victim, in light of the evidence that the victim was physically unable to respond to defendant's advances after consuming a drink that had been laced with a prescription sleeping pill (*see People v Smith*, 16 AD3d 1033, 1034 [2005], *affd* 6 NY3d 827 [2006], *cert denied* 548 US 905 [2006]; *People v Williams*, 40 AD3d 1364, 1366 [2007], *lv denied* 9 NY3d 927 [2007]). " ' [R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury' " (*People v Sorrentino*, 12 AD3d 1197, 1197 [2004], *lv denied* 4 NY3d 748 [2004]), and the testimony of the victim with respect to the issue of penetration " 'was not so inconsistent or unbelievable as to render it incredible as a matter of law' " (*People v Johnson*, 56 AD3d 1172, 1173 [2008], *lv denied* 11 NY3d 926 [2009]). The further contention of defendant that the evidence before the grand jury was legally insufficient with respect to the rape count "is not reviewable upon an appeal from an ensuing judgment of conviction based upon legally sufficient trial evidence" (CPL 210.30 [6]; *see People v Prindle*, 63 AD3d 1597 [2009]). Likewise, there is no merit to defendant's contention that the date of the crimes specified in the indictments was not sufficiently specific (*see People v Furlong*, 4 AD3d 839, 840-841 [2004], *lv denied* 2 NY3d 739 [2004]; *see generally People v Keindl*, 68 NY2d 410, 416-417 [1986]).

We further conclude that there is no merit to the contention of defendant that he was denied a fair trial by prosecutorial misconduct. Defendant's general objection to a comment of the prosecutor on summation is insufficient to preserve for our review defendant's present contention with respect to that comment (*see People v Tonge*, 93 NY2d 838 [1999]; *People v Beggs*, 19 AD3d 1150 [2005], *lv denied* 5 NY3d 803 [2005]), and we

decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). With respect to defendant's contention that concerns an outburst in which the prosecutor threw a water bottle during defense counsel's cross-examination of the victim, we note that defense counsel was also at fault for the incident (*see generally People v Edwards*, 134 AD2d 609 [1987]), and we conclude in any event that County Court's instruction to the jury to disregard the incident was sufficient to alleviate any prejudice to defendant (*see generally People v Young*, 55 AD3d 1234, 1236 [2008], *lv denied* 11 NY3d 901 [2008]). There is no support in the record for defendant's contention that the prosecutor had coached the victim to give certain responses during defense counsel's cross-examination of her, in order to impede the cross-examination (*see generally People v White*, 168 AD2d 962, 963 [1990], *lv denied* 77 NY2d 968 [1991]). Finally, we conclude that defendant was not denied a fair trial by prosecutorial misconduct based on a heated exchange between the prosecutor and defense counsel while defense counsel was cross-examining a witness, particularly in view of the fact that defense counsel was an equal participant in the exchange (*see generally Edwards,* 134 AD2d 609 [1987]).

Contrary to defendant's further contention, the court properly refused to suppress a statement made by defendant to the police during the search of his home. Any alleged deficiency in the CPL 710.30 notice is of no moment inasmuch as defendant sought to suppress the statement and the court, following a *Huntley* hearing, determined that it was admissible (*see* CPL 710.30 [3]; *People v Kirkland*, 89 NY2d 903, 904-905 [1996]; *People v Rivera*, 306 AD2d 186, 187 [2003], *lv denied* 100 NY2d 598 [2003]). We perceive no basis to disturb the court's resolution of credibility issues at that hearing (*see generally People v Prochilo*, 41 NY2d 759, 761 [1977]), and we reject the contention of defendant that he was in custody when he made the statement and thus that his statement should have been suppressed because he had not received his *Miranda* warnings (*see generally People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]; *People v Lavere*, 236 AD2d 809 [1997], *lv denied* 90 NY2d 860 [1997]). Inasmuch as the statement was spontaneous, it cannot be said that it was the product of interrogation (*see People v Jacobson*, 60 AD3d 1326, 1327 [2009], *lv denied* 12 NY3d 916 [2009]), or that it was obtained in violation of defendant's right to counsel (*see People v Fortino*, 61 AD3d 1410, 1411 [2009]; *People v Adams*, 244 AD2d 897, 898-899 [1997], *lv denied* 91 NY2d 887, 888 [1998]).

We also reject the contention of defendant that the court erred

in admitting in evidence a buccal swab collected from him, sample evidence collected from an open bottle found near the scene of the crimes, and results of the testing of that sample evidence. Defendant's challenges to the admission in evidence of the buccal swab and the results of the testing of the sample evidence are not preserved for our review (*see generally People v Caswell*, 56 AD3d 1300, 1303 [2008], *lv denied* 11 NY3d 923, *reconsideration denied* 12 NY3d 781 [2009]; *People v Cooper*, 147 AD2d 926 [1989], *lv denied* 74 NY2d 738 [1989]), and we decline to exercise our power to review those challenges as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Moreover, there is no merit to defendant's contention that the court erred in admitting the sample evidence itself. " 'Where, as here, the circumstances provide reasonable assurances of the identity and unchanged condition of the evidence, any deficiencies in the chain of custody go to the weight of the evidence and not its admissibility' " (*Caswell*, 56 AD3d at 1303; *see People v Hawkins*, 11 NY3d 484, 494 [2008]). Present— Martoche, J.P., Centra, Fahey, Peradotto and Green, JJ.