# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1112**

**KA 09-01244**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

DAVID RODRIGUEZ, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered March 30, 2009. The judgment convicted defendant upon his plea of guilty of, inter alia, course of sexual conduct against a child in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]), defendant contends that Supreme Court erred in refusing to suppress statements that he made in his home to a police investigator who was executing a search warrant. We reject that contention. The court properly determined that *Miranda* warnings were not required because defendant was not in custody when he made the statements at issue (*see People v Witherspoon*, 66 AD3d 1456, 1458, *lv denied* 13 NY3d 942; *People v Nunez*, 51 AD3d 1398, 1400, *lv denied* 11 NY3d 792; *People v Soroka*, 28 AD3d 1219, 1220, *lv denied* 7 NY3d 818). Defendant was not handcuffed or otherwise restrained during the interview or the execution of the search warrant, and he was free to move about the apartment (*see People v Cerrato*, 24 NY2d 1, 8, *cert denied* 397 US 940; *People v Lavere*, 236 AD2d 809, 809, *lv denied* 90 NY2d 860). Defendant was not told that he was under arrest and, indeed, the investigator left the apartment without arresting defendant (*see Cerrato*, 24 NY2d at 8-9; *Soroka*, 28 AD3d at 1220; *Lavere*, 236 AD2d at 809). We conclude that, under those circumstances, a reasonable person innocent of any wrongdoing would not have believed that he or she was in custody (*see People v Paulman*, 5 NY3d 122, 129; *People v Yukl*, 25 NY2d 585, 589,

*cert denied* 400 US 851; *Lavere*, 236 AD2d at 809).

Entered:  November 8, 2013

Frances E. Cafarell
Clerk of the Court