OPINION OF THE COURT
Memorandum.
Ordered that the sentence is affirmed.
On January 15, 2011, the People charged defendant with assault in the third degree (Penal Law § 120.00 [1]), theft of services (Penal Law § 165.15 [3]), resisting arrest (Penal Law § 205.30), and harassment in the second degree (Penal Law § 240.26 [1]), alleging that, on November 24, 2010, a police officer, after having observed defendant enter the subway system without paying the fare, asked defendant to stand up to be handcuffed, and, in response, defendant pushed the officer and fled. The push caused the officer to fall to the ground and to suffer a joint injury that required treatment at a local hospital. Defendant, who has prior felony and misdemeanor convictions, and who has been arrested on other charges that did not result in criminal dispositions (in one case, an adjournment in contemplation of dismissal), entered into a plea and sentencing agreement whereby he would plead guilty to theft of services and be sentenced to a year’s incarceration in return for the dismissal of the remaining charges. As a result of this conviction, defendant was charged with violating a sentence of probation imposed upon his prior felony conviction. The sentence imposed on the theft of services conviction was set to run concurrently with defendant’s resentencing, were defendant to be adjudicated in *64 violation of his felony conviction probation. Subsequently, defendant was found to have violated his probation and he was resentenced to a year’s incarceration. Throughout these events, defendant falsely stated to his counsel and the court, both at the violation of probation proceeding and in the course of the plea proceeding herein, as well as to the Department of Probation, that he was a United States citizen.
On October 4, 2011, the Supreme Court (Douglas S. Wong, J.) granted defendant’s request to be resentenced on the probation violation to 364 days’ incarceration, to avoid the deportation consequences of his sentence, and defendant now asks to be resentenced in the case herein also to 364 days’ incarceration, although he has already served his sentences.
While we have the authority, in the interest of justice, to reduce a sentence that has been served and which resulted from a negotiated plea and sentencing agreement that is otherwise unchallenged (see People v Thompson, 60 NY2d 513, 520 [1983]; People v Talbi, 45 Misc 3d 18 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]), and recognizing that “deportation is a plea consequence of . . . tremendous importance [and] grave impact” (People v Peque, 22 NY3d 168, 176 [2013]), we decline to modify the sentence. Defendant has been arrested several times and convicted of a felony and two misdemeanors in the few years since he became an adult within the meaning of the Penal Law, the most recent of which involved an allegation of violence against a police officer (see People v Izzatov, 37 Misc 3d 131[A], 2012 NY Slip Op 51976[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; see also People v Soroka, 28 AD3d 1219, 1220 [2006]), and he repeatedly lied to his counsel and to the courts as to his immigration status.
Accordingly, the sentence is affirmed.