The People of the State of New York, Respondent,
against
Manuel Morales, Appellant.




Appellate Advocates (Isa Chakarian of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Anastasia Spanakos of counsel), for respondent.

Appeal by defendant, as limited by the brief, from a sentence of the Criminal Court of the City of New York, Queens County (Dorothy Chin-Brandt, J.), imposed May 6, 2016, upon defendant's conviction, upon his guilty plea, of assault in the third degree.




ORDERED that the sentence is affirmed.
The People charged defendant, in a felony complaint, with attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [3]), attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [2] [a]), and criminal obstruction of breathing or blood circulation (Penal Law § 121.11 [a]), alleging that defendant had approached a female who had been walking home from the subway, grabbed her by the neck with both hands, and choked her. When she began to scream, defendant placed his hand over her mouth and stated that he had a weapon and that he would use it to harm her if she continued to scream. Defendant then punched her in the face, threw her to the ground, and kicked her. Defendant attempted to seize the victim's purse but, after a struggle, she escaped. Defendant then followed her for approximately two blocks to her home and threatened her, stating that he knows where she lives and that he will kill her.
Pursuant to a negotiated plea and sentencing agreement, the felony charges were dismissed and defendant pleaded guilty to an added charge of assault in the third degree (Penal Law § 120.00 [2]) in satisfaction of the accusatory instrument, admitting that he had "recklessly cause[d] physical injury" to the victim. In the course of his plea, he was advised, in writing and orally by the court, that the proposed disposition may have adverse consequences for his [*2]immigration status. Defendant stated that he had fully discussed his case with his trial counsel "including any possible immigration consequences." He was sentenced, as promised, to 364 days' incarceration. Defendant has served his sentence.
On appeal, defendant seeks a sentence reduction to 179 days, arguing that the sentence imposed was excessive in that it rendered him ineligible for relief from certain immigration consequences of the judgment of conviction. While we may, in the interest of justice, reduce a sentence that has been served which resulted from an otherwise unchallenged negotiated plea and sentencing agreement (see e.g. People v Tlahuel, 59 Misc 3d 144[A], 2018 NY Slip Op 50731[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; People v Diallo, 46 Misc 3d 62, 64 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]), under the circumstances presented, we decline to modify the sentence imposed herein.
Accordingly, the sentence is affirmed.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 05, 2018